**David BURT and Monica Burt, as Natural Guardians and Next Friends of Denver Charles Burt, a Minor Child, Plaintiffs,**

v.

**AETNA CASUALTY AND SURETY CO.; the Standard Fire Insurance Co.; and the Auto Insurance Company of Hartford, Defendants.**

Civ. A. No. CA 3–89–0731–C.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 26, 1989.

---

Terry Gardner, Gardner & Kearney, Anne Gardner, Shannon, Gracey, Ratliff & Miller, Fort Worth, Tex., for plaintiffs.

John McBryde, McBryde & Bennett, Sloan B. Blair, Cantey & Hanger, Fort Worth, Tex., for defendants.

## MEMORANDUM OPINION

CUMMINGS, District Judge.

Coming on for consideration are some five motions, including the motion of defendants Aetna Casualty and Surety Co., The Standard Fire Insurance Co., and The Auto Insurance Company of Hartford for summary judgment. After reviewing the motions, briefs, affidavits, depositions, and the record in this case, the Court is of the opinion that the motion for summary judgment should be granted as follows. The remaining motions will be dealt with after the following discussion.

## FACTS

All causes of action asserted by the plaintiffs are predicated upon the existence of a personal liability insurance policy afforded to Janet Ball, as an insured, by Coverage D—Personal Liability Section II—Liability Section of the Texas Standard Homeowners' Policy, issued by the defendant The Automobile Insurance Company of Hartford, Connecticut. Except as to matters that are excluded, Coverage D obligates the insurance company to pay on behalf of the insured all sums (not exceeding the policy limit of $100,000) which the insured shall become obligated to pay as damages because of bodily injury, and to pay certain additional amounts, and defend any suits against the insured alleging such bodily injury and seeking damage under the terms of the policy. Coverage D contains, among other exclusions, the following:

EXCLUSIONS—Coverage D shall not apply:

1. to any business pursuits of an Insured except activities therein which are ordinarily incidental to non-business pursuits;

\*    \*    \*    \*    \*    \*

5. to bodily injury or property damage caused intentionally by or at the direction of the Insured.

The summary judgment evidence shows that the recovery sought by the plaintiffs is based upon the provisions of Coverage D of the policy issued to Jan Ball. Further there is no dispute that Jan Ball caused bodily injury to the minor plaintiff, Denver Charles Burt, while she was caring for him in her home.

The insurance companies have moved for summary judgment on the basis of both of the exclusions stated above. However, plaintiffs argue that the injuries suffered by the minor plaintiff, Denver Charles Burt, were not intended by Jan Ball and further that Jan Ball was not involved in a business pursuit such as to exclude coverage under the policy due to the exclusion enumerated 1.

The undisputed summary judgment evidence shows Denver Charles Burt was born in September, 1986, and placed in a child day care center in Arlington, Texas, in November, 1986, under an arrangement where a fee of approximately $85 per week was paid to the day care center for providing the services for the care of Denver Charles Burt. In February, 1987, David and Monica Burt moved to Cleburne, Texas, along with Denver, and because both parents were employed, began looking for a new day care facility to keep Denver while they were at work. David Burt went to the home of Jan Ball after she was recommended to them as a prospective care provider for Denver and arranged for her

to provide day care in her home during the weekdays while the Burts were at work for a charge of $55 per week.

At that time, Jan Ball had two small children of her own, and in addition, she kept on a part-time basis another child. The Burts had never had a social relationship with Jan Ball or her husband and had no other relationship with them. In April, 1987, the Burts agreed to and did increase Jan Ball's weekly compensation regarding the care provided to Denver to $60 per week, in consideration of her agreement to keep the child longer hours. Thus this arrangement whereby Jan Ball provided day care for Denver in her home for compensation continued from February, 1987, until and including the time when Denver Burt was injured in her home while under her care.

Denver's mother had left him with Jan Ball at the Ball home the morning of May 14, 1987, in good health. At approximately 11:30 that same morning, Denver Burt was taken first to a hospital in Cleburne, where he was comatose, and then by helicopter to a hospital in Fort Worth, where he was placed under the care of two physicians. The deposition testimony of both doctors establishes without contradiction that the child had suffered massive injuries to his brain that could only have been caused by his having been violently shaken. Dr. Bechtel's prognosis, according to his deposition testimony, is that Denver to a significant extent will be retarded in his development as a human, will be basically blind, and will be slow to learn.

Jan Ball was indicted, tried, found guilty, and convicted of injury to Denver, causing serious bodily injury, and was sentenced to 10 years imprisonment.

## STANDARD FOR SUMMARY JUDGMENT

Regardless of the sympathy that such a set of facts evokes, it must be determined whether or not there is coverage to pay for Denver's debilitating injuries under the language of the policy. Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings and the other documents which it believes demonstrate the absence of a genuine issue of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Once the movant carries his burden, the burden shifts to the non-movant to show that the movant should not be granted summary judgment. *See EEOC v. American Fed'n of Government Employees Local 1617*, 657 F.Supp. 742, 746 (W.D.Tex.1987). The failure of the non-movant to carry his burden of proof on an essential element of his case mandates entry of summary judgment against the non-movant. *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir.1988). Further, when the moving party has carried its Rule 56(c) burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## APPLICATION

The defendants in this case have pleaded the two exclusions to liability and thus the plaintiffs have the burden to negate the applicability of the exclusions. See *Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n, Inc.*, 783 F.2d 1234, 1240 n. 8 (5th Cir.1986). The following discussion deals

specifically with the business pursuits exclusion.

The facts as recited above establish that Jan Ball was providing regular and continuous day care for the injured child in exchange for an agreed, regular monetary compensation. Although the plaintiffs have argued that Jan Ball was not licensed, nor advertised, the record is devoid of any evidence to show that. Further, the plaintiffs argue that Jan Ball had no special training, nor did she maintain business records. Again the record is devoid of any proper summary judgment evidence as to this.

The undisputed facts in the record are that Jan Ball and the Burts had entered into an agreement whereby Jan Ball would care for the injured child for a set period of time every day and that such arrangement had continued for approximately three months prior to the child's injury. The babysitter was receiving an amount of agreed compensation commensurate with what the parents had previously paid for day care services for the child. Further there is a lack of proof that the injury which resulted to Denver was caused in anything other than the activities related to his care. *See Republic Ins. Co. v. Piper,* 517 F.Supp. 1103 (D.Colo.1981).

It is the law in Texas that when an insurance company pleads specific exclusions set forth in the policy to raise an issue of the contract coverage, the insured bears the burden of proving that the loss was not attributable to the pleaded exclusion. *Ideal Mut.,* 783 F.2d at 1240; *Griffith v. Continental Casualty Co.,* 506 F.Supp. 1332, 1334–35 (N.D.Tex.1981) (citations omitted). In this case, in response to the defendant insurance companies' motion for summary judgment, the plaintiffs have cited non-record evidence directed to the business pursuits exclusions. They have also filed affidavits from the plaintiffs, some 19 days subsequent to their response to the defendants' motion for summary judgment, which attempt to controvert that Jan Ball was involved in a business pursuit. Such citations and late-filed affidavits do not meet their burden as required, and therefore summary judgment is appropriate.

The Court finds that Jan Ball was engaged in the business of providing day care for the injured child on a regular basis. Under the plain, unambiguous terms of this policy, she was engaged in a business pursuit, and the record shows the injury to Denver occurred directly in the course of that business pursuit, and that his injury was not caused by any activity that could remotely be considered incidental to a non-business pursuit.

IT IS THEREFORE ORDERED that a take-nothing judgment be rendered in favor of the defendant insurance companies, and the plaintiffs' causes of action in the above-styled and -numbered cause be DISMISSED with prejudice.

Therefore, since the ruling that Denver's injuries arose out of the business pursuit exclusion of the policy, it is not necessary to reach the issues raised under the intentional act exclusion.

The plaintiffs' motion for leave to reply, filed September 20, 1989, is MOOT.

The plaintiffs' motion for entry of final judgment, filed on July 7, 1989, is MOOT.

The defendants have filed two motions to strike. The defendants' motion to strike and disregard the late-filed affidavit of Phillip Bechtel, M.D. is DENIED. The motion to strike and disregard the late-filed affidavits of David and Monica Burt is DENIED.