564 So.2d 1331 (1990)
Anita FELDER, et al.
v.
Gaynell DESPINASSE, et al.
No. 90-C-0209.
Court of Appeals of Louisiana, Fourth Circuit.
July 17, 1990.
John E. Unsworth, Jr., Hailey, McNamara, Hall, Larmann & Papale, Metairie, for relator, Allstate Ins. Co.
Andrew Blanchfield, Mars & Blanchfield, New Orleans, for respondents, Anita Felder and Lester Felder, Sr.
Kathleen E. Simon, Simon and Rees, New Orleans, for respondents, Gaynell Despinasse and Brian P. Despinasse, Sr.
Before SCHOTT, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
We grant certiorari in order to review the judgment of the trial court denying defendant Allstate Insurance Company's motion for summary judgment.
Plaintiffs, Anita and Lester Felder, Sr., filed suit individually and on behalf of their infant son, Stephen, for damages he sustained while in the care of his sitter, Mrs. Gaynell Despinasse. Named as defendants in the suit are Mrs. Despinasse and her husband, Brian, and their homeowner's insurer, Allstate Insurance Company.
Plaintiffs allege in their petition that they placed Stephen in the care of the Despinasses who operated a school or day care facility for young children and that their son broke his left arm while entrusted to the care and supervision of Mrs. Despinasse. Allstate filed a motion for summary judgment claiming the homeowner's policy issued to the Despinasses did not provide coverage for Stephen's bodily injury. After a hearing on Allstate's motion, the trial court denied summary judgment.
The issue before us is whether the services provided by Mrs. Despinasse fall within the business pursuits exclusion contained in the homeowner's policy issued by Allstate to the Despinasses. Under the exclusion, Allstate specifically excludes coverage for any losses arising out of past or present business pursuits of the insured.
The pertinent policy provisions at issue read as follows:
1. Section II. Family Liability Protection Losses We Cover:
Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.
Losses We do Not Cover:
8. We do not cover bodily injury or property damage arising out of the past or present business pursuits of an insured person.
We do cover:
a) Activities normally considered nonbusiness;
Under the definition section of the policy "Business" is defined as:
a) any trade, profession or occupation and the use of any part of any premises for such purposes;
*1332 In opposing Allstate's motion, both plaintiffs and the Despinasses argue that whether Mrs. Despinasse's child care activities can be classified as a business pursuit is a question of material fact which cannot be determined summarily. They contend her activities of watching other parents' children were incidental to her remaining home and caring for her own children or ordinarily incident to a non-business pursuit, and cite the case of Jackson v. Lajaunie, 270 So.2d 859 (La.1972) in support of their argument. We do not find Jackson, supra, to be controlling in this case.
Admitted into evidence on Allstate's motion for summary judgment are parts of Mrs. Despinasse's deposition. In her deposition she states she decided to start a day care center and had been operating one for two years prior to Stephen's accident. She did not advertise, but prospective parents with children learned of her services through word of mouth. Mrs. Despinasse did not obtain a license for her center because the state did not require a center of her size to have one. She limited the number of children she cared for in her home to five on any given day. According to Mrs. Despinasse, the parents paid her $40.00 per five day week per child in cash only and she did not pay state or federal income taxes on the operation. She acknowledged that she used some of the cash received to purchase food and other items for the children.
After considering the pleadings, portions of Mrs. Despinasse's deposition and other evidence submitted on Allstate's motion, we find there are no disputed issues of fact which should preclude a summary judgment on this issue. Factors such as the absence of a license, failure to report income on state or federal tax returns and lack of advertising do not determine whether an activity is a business or non-business. While there remains doubt as to how Stephen broke his arm, he would not have broken it inside the Despinasses' home had he not been placed there in the care and control of Mrs. Despinasse because she was operating a day care center on the premises. We find that the operation of a day care center for compensation is a business pursuit excluded from coverage under the language of the Allstate policy. For this reason, we find the trial judge erred in denying Allstate's motion for summary judgment.
Accordingly, the judgment of the trial court in favor of plaintiffs and defendants, Mr. and Mrs. Despinasse, and against defendant Allstate Insurance Company is hereby reversed. We render judgment in favor of Allstate, granting its motion for summary judgment and dismissing it as a defendant from plaintiffs' suit.