[No. 13025-4-II.    Division Two.    December 26, 1990.]

ROCKY MOUNTAIN CASUALTY COMPANY, *Respondent*, v. LONNA DEE ST. MARTIN, ET AL, *Appellants*.

---

*James M. Kleist* and *Schroeter, Goldmark & Bender, P.S.,* for appellants.

*Douglas F. Foley, Robert D. Lindahl,* and *Bullivant, Houser, Bailey, Pendergrass & Hoffman,* for respondent.

WORSWICK, J.—Is baby–sitting a "business pursuit," excluded from liability coverage under a homeowner's policy exclusion? We hold that it is, when conducted on a regular and continuous basis for compensation. Does the baby–sitter nevertheless have liability coverage, by reason of a "non–business activities" exception to the exclusion, if a child is injured by touching a stove used to heat the sitter's house? We hold that she does not in this case, because the injury resulted from negligent supervision of the child. We affirm a summary judgment declaring that Lonna D. St. Martin had no liability coverage.

Eleven–month–old Kyle Bruin fell against an iron wood–burning stove at St. Martin's home, severely burning his right hand. St. Martin had momentarily turned away from Kyle to watch television. At the time of the accident, St. Martin had been providing child care in her home for Kyle and three other children on a regular basis for about 3 months. She was paid a regular stipend per day per child for keeping the children from 7:30 a.m. to 5 p.m. None of the children was St. Martin's own.

St. Martin's homeowner's insurance policy with Rocky Mountain Casualty Company specifically excluded liability

coverage for personal injury "arising out of business pursuits of any insured." Excepted from that exclusion, however, were "activities which are ordinarily incident to non–business pursuits."[1]

The issues presented are of first impression in Washington. Authority from other jurisdictions is divided, but we believe that our holding accords with the better reasoned cases. Representative of the view we adopt, that baby–sitting is a business pursuit if conducted on a regular and continuous basis for compensation, are *Stanley v. American Fire & Cas. Co.*, 361 So. 2d 1030 (Ala. 1978); *Allstate Ins. Co. v. Kelsey*, 67 Or. App. 349, 678 P.2d 748 (1984); *McCloskey v. Republic Ins. Co.*, 80 Md. App. 19, 559 A.2d 385, *cert. denied*, 566 A.2d 101 (1989); *Burt v. Aetna Cas. & Sur. Co.*, 720 F. Supp. 82 (N.D. Tex. 1989); *United States Fid. & Guar. Co. v. Heltsley*, 733 F. Supp. 1418 (D. Kan. 1990). Some courts have reached the same result by applying a test that asks whether there is "continuity" and "profit motive" in the baby–sitting activity. *See,*

---

[1]The relevant policy provisions are as follows:
"DEFINITIONS
". . . .
"2. 'business' includes trade, profession or occupation . . ..
"SECTION II—LIABILITY COVERAGES
"COVERAGE E—Personal Liability . . ..
"If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:
"1. pay up to our limit of liability for the damages for which the **insured** is legally liable; . . ..
"SECTION II—EXCLUSIONS
"1. **Coverage E—Personal Liability and Coverage F—Medical Payments to Others** do not apply to **bodily injury** or **property damage**:
". . . .
"b. arising out of **business** pursuits of **any insured**. This exclusion does not apply to:
"(1) activities which are ordinarily incident to non–**business** pursuits;
". . . ."

8

*e.g.*, *Susnik v. Western Indem. Co.*, 795 P.2d 71 (Kan. Ct. App. 1989); *Moncivais v. Farm Bur. Mut. Ins. Co.*, 430 N.W.2d 438 (Iowa 1988).

Seminal and typical is *Stanley v. American Fire & Cas. Co.*, *supra*, in which a 1–year–old child fell onto a bed of hot coals in the fireplace while Stanley, the baby–sitter, prepared lunch for herself, her own children, and other children for whom she was caring. Stanley cared for eight different children, no more than five at a time, and received compensation for each. In affirming the trial court's decision that this type of child care was a business pursuit within a policy exclusion similar to the one here, the court first observed that "we are not here dealing with a temporary or casual keeping of children, but rather with a more permanent arrangement for an agreed upon compensation." *Stanley*, 361 So. 2d at 1032. It went on to deny coverage, stating "Child care for compensation as evidenced in this case was much more than a casual accommodation, and was properly found to be a 'business pursuit'". *Stanley*, 361 So. 2d at 1033.

Similarly, in *McCloskey v. Republic Ins. Co.*, *supra*, the court determined that a baby–sitter who offered home child care "was actively engaged in an occupational pursuit requiring the devotion of her energy, time and thought, and for which she received compensation" so that "[u]nquestionably, it was a 'business pursuit'. . .". *McCloskey*, at 25–26. The sitter cared for seven children 5 days a week and received $25 to $40 per child weekly.

As did the baby–sitters in *Stanley* and *McCloskey*, St. Martin provided child care in her home on a regular basis for compensation. She cared for Kyle 3 days a week, for another child 4 days a week, and for two young sisters generally twice each month. She received $15 a day for Kyle and the other individual child, and $18 to $20 a day for the two sisters. St. Martin's endeavor was not a casual accommodation, but an occupational pursuit requiring devotion of energy, time and thought, all for compensation. It was,

therefore, a "business pursuit" excluded from coverage under St. Martin's homeowner's policy.[2]

Most cases that have found coverage for baby–sitters in the face of a business pursuit exclusion have relied on an exception for "activity which is ordinarily incident to a non–business pursuit."[3] In such a case, the California

---

[2]Some courts have considered whether the baby–sitter is licensed or advertises services in determining whether the activity is a business pursuit. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 222 S.E.2d 828 (1975) (baby–sitting not a business pursuit when, among other things, sitter was not licensed and did not advertise); *Camden Fire Ins. Ass'n v. Johnson,* 294 S.E.2d 116 (W. Va. 1982) (same); *Allstate Ins. Co. v. Kelsey,* 67 Or. App. 349, 678 P.2d 748 (1984) (determining that baby–sitting was business pursuit when sitter expected regular compensation, worked regular hours, and advertised services in the newspaper for a period of months). Recently, however, such factors as absence of a license and lack of advertising have been rejected as indicia of whether a given practice constitutes a business pursuit. *See, e.g., Felder v. Despinasse,* 564 So. 2d 1331, 1332 (La. Ct. App. 1990) (operation of a day–care center for compensation a business pursuit despite facts that sitter did not advertise, was not licensed because State did not require license for center of its size, and was caring for her own children simultaneously).

[3]It is rare to find a case specifically holding that baby–sitting is not a business pursuit, but one that does bases the holding on lack of profit motive or insignificant remuneration. *See, e.g., Camden Fire Ins. Ass'n v. Johnson, supra* (individual who cared for children in her home as accommodation to friend or relative was not engaged in "business pursuit" within meaning of exclusionary clause when, among other things, she was not always compensated). Generally, cases assume for argument that the activity is a business pursuit and then find coverage applying the exception to the business pursuit exclusion. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Collins,* at 674 ("We are unwilling to hold that babysitting for pinmoney is a commercial business. Assuming arguendo, however, that . . . Mrs. Collins was in fact engaged in a business . . ..").

In a different factual setting, Washington authority holds that this type of exception to the business pursuits exclusion is unambiguous. *Transamerica Ins. Co. v. Preston,* 30 Wn. App. 101, 104, 632 P.2d 900 (1981) (railroad locomotive engineer sued for indemnity for damage caused while he was operating locomotive). The exclusion and exception have been held to be unambiguous in the baby–sitting context. *See McCloskey v. Republic Ins. Co.,* 80 Md. App. 19, 559 A.2d 385, *cert. denied,* 566 A.2d 101 (1989); *Stanley v. American Fire & Cas. Co.,* 361 So. 2d 1030, 1033 (Ala. 1978) ("We are in accord with the several authorities that the exclusionary provision [virtually identical to the one here] is poorly worded and could have been written with more specificity. Yet when applied to these facts we do not find it ambiguous.").

Supreme Court, without describing precisely how the accident occurred, said that the circumstances surrounding the accident were "clearly incident" to the baby–sitter's "nonbusiness regimen of maintaining a household and supervising her own children." *Crane v. State Farm Fire & Cas. Co.,* 5 Cal. 3d 112, 117, 485 P.2d 1129, 95 Cal. Rptr. 513, 515, 48 A.L.R.3d 1089 (1971). Presumably focusing on the fact that the sitter was also caring for her own children, the California court said, "Indeed, it is difficult to conceive of an activity more ordinarily incident to a noncommercial pursuit than home care of children." *Crane,* at 117.

Similarly, in another often–cited decision, a Federal District Court found coverage for burns sustained by a child who, while being cared for in another's home, pulled over a coffee percolator, spilling its contents onto herself. *Gulf Ins. Co. v. Tilley,* 280 F. Supp. 60 (N.D. Ind. 1967), *aff'd,* 393 F.2d 119 (7th Cir. 1968). The court reasoned that preparing coffee for a social guest was not ordinarily associated with the baby–sitter's functions, and therefore the injuries were covered. Other cases classifying "nonbusiness activities" as exceptions to the business pursuits exclusion are *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 222 S.E.2d 828 (1975) (injuries to child who burned her hand on a furnace grill incident to home heating); *State Farm Fire & Cas. Co. v. Moore,* 103 Ill. App. 3d 250, 430 N.E.2d 641, 645 (1981) (injuries to child who pulled pan of hot water onto himself incident to food preparation for sitter and children).

We believe that the reasoning in cases such as *Crane, Tilley, Collins* and *Moore* is flawed. In our view, the proper focus in analyzing the "non–business activities" exception should not be on the activity, but on the baby–sitter's alleged negligence. Here, St. Martin undoubtedly had to heat her house. Her negligence, however, was not in doing that, but in failing to keep Kyle away from the stove. A different question would be presented if, for example, Kyle had been injured in a fire negligently caused by St. Martin's attempt to heat her house.

Supervision is at the very heart of child care. As the Supreme Court of Alabama stated:

> The business of child care contemplates the exercising of due care to safeguard a child of tender years from household conditions and activities; and, any activity of the insured in this regard from which injury results cannot logically be called an activity ordinarily incidental to a non–business pursuit. In other words, the activity referred to is a failure to supervise rather than making coffee for a third party [as in *Tilley*]. Undertaking the business relation of child care for compensation is certainly not ordinarily incident to the conduct of a household.

*Stanley v. American Fire & Cas. Co.*, 361 So. 2d at 1032 (rejecting *Tilley* analysis that focused on brewing coffee as the activity in question). *See also Moncivais v. Farm Bur. Mut. Ins. Co.*, 430 N.W.2d 438 (Iowa 1988) (adopting *Stanley* analysis); *Allstate Ins. Co. v. Kelsey,* 67 Or. App. 349, 678 P.2d 748 (1984) (same). *But see Western Fire Ins. Co. v. Goodall,* 658 S.W.2d 32 (Mo. Ct. App. 1983) (applying exception to babysitting because sitter was performing same activities she would perform for her own children).[4]

Affirmed.

PETRICH, A.C.J., and MORGAN, J., concur.

Review denied at 116 Wn.2d 1026 (1991).

---

[4]The trial judge offered an example of how the exception might apply: if insured operates a horse training business, and someone is injured in the barnyard in a related activity, the exception does not apply, for the activity is incident to a business pursuit. If, however, that person leaves the barnyard and enters the proprietor's house on a different matter, falls, and is injured, the exception applies because the activity in the house, unrelated to the horse training business, is ordinarily incident to a nonbusiness pursuit. *See also American Hardware Mut. Ins. Co. v. Darv's Motor Sports, Inc.,* 427 N.W.2d 715 (Minn. Ct. App. 1988) (child's driving recreational vehicle owned by garage business to home of a friend is activity incident to a nonbusiness pursuit so that exception applied and injuries she sustained were covered under family's homeowner's policy).