34 P.3d 830 (2001)
109 Wash.App. 131
Lloyd TORGERSON, Appellant,
v.
NORTH PACIFIC INSURANCE COMPANY, a foreign corporation, Respondent.
No. 19174-5-III.
Court of Appeals of Washington, Division 3, Panel Five.
July 10, 2001.
Publication Ordered November 20, 2001.
John H. Guin, Spokane, for Appellant.
Mark P. Scheer, Maria E. Sotirhos, Scheer & Sotirhos, LLP, Seattle, for Respondent.
KURTZ, C.J.
Russell Hill fell down a flight of stairs and was severely injured. The stairs were located in a recreational building on the property of Lloyd Torgerson and his wife. The Torgersons own and operate a mobile home park, and the recreational building is located within the mobile home park. Mr. Hill sued the Torgersons and they settled out of court. The Torgersons' request for insurance coverage under their homeowner's policy was denied by North Pacific Insurance Company. Mr. Torgerson sued North Pacific, who successfully moved for summary judgment. Mr. Torgerson appeals, contending the trial court improperly granted summary judgment. He argues that the trial court erred by finding that no coverage existed based on the "business pursuits" exclusion. *831 We disagree and affirm the judgment of the superior court.

FACTS
Lloyd Torgerson, a former insurance adjuster and claims manager with North Pacific Insurance Company (North Pacific), and his wife purchased a homeowner's insurance policy from North Pacific in 1992. The Torgersons' home sits on a seven-acre mobile home park that they own and operate in Mead, Washington.
The Torgersons built a recreational building on the park grounds in the early 1970s. The recreational building has guest quarters, a pool table and other recreational facilities, a meeting room with a kitchen, bathroom facilities, and coin-operated laundry facilities. The mobile home park tenants are allowed to use the recreational building free of charge. However, if the tenants want to do laundry, they pay for each use of the coin-operated machines.
Russell Hill was not a tenant of the mobile home park, but he rented a house owned by the Torgersons on property adjacent to the park. In late December 1992, Mr. Hill was discovered seriously injured in the recreational building at the bottom of a staircase. Due to the extent of his injuries, Mr. Hill was unable to relate any events that occurred before or at the time of his injuries.
No direct evidence exists of why Mr. Hill was in the recreational building. The circumstantial evidence consists of Mr. Torgerson's testimony that Mr. Hill's girlfriend told him that on the day Mr. Hill was found, she had asked Mr. Hill to run a load of laundry.
A few days after the fall, the Torgersons notified North Pacific of Mr. Hill's injuries. North Pacific responded by denying coverage on the basis of the business pursuits exclusion in the homeowner's policy.[1]
The Torgersons' homeowner's policy provided coverage for medical payments of others who are injured on the insured premises. However, the policy contained the following exclusion and exception:

SECTION IIEXCLUSIONS
1. Coverage E Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:
. . . .
b. arising out of business pursuits of an insured or the rental or holding for rental of any part of any premises by an insured.
This exclusion does not apply to:
(1) activities which are usual to non-business pursuits....
Clerks Papers (CP) at 101. Mr. Hill's guardian commenced an action against the Torgersons to recover for the injuries he sustained. The basis of the claim was that Mr. Hill was a business invitee, and the Torgersons failed to properly maintain the recreational facility, characterized as a common area, in a safe manner.
Ultimately, the Torgersons agreed to pay Mr. Hill $300,000 to settle the case. In December 1998, Mr. Torgerson filed a complaint against North Pacific for declaratory relief and damages, based on a breach of the policy terms, bad faith, and violations of the Consumer Protection Act.
North Pacific brought a motion for summary judgment seeking to dismiss the Consumer Protection Act claim and the bad faith claim on the basis of the statute of limitations, and to dismiss the claim for coverage on the basis of the business pursuits exclusion.
In granting summary judgment, the trial court stated,
The unrebutted evidence shows that the plaintiff maintained a home/residence within the boundaries of a mobile home park he owned. The mobile home park is a business pursuit. Within the plaintiff's mobile home park is a recreation/laundry building for the tenants of the mobile home park, as well as for plaintiff's personal use.
The evidence shows that reasonable minds could only reach the conclusion that the injured party, Russell Hill, had a business relationship (landlord-tenant) with the plaintiff, and Mr. Hill had permission to use the laundry/recreation building where Mr. Hill was injured. The laundry/recreation *832 building was (at least in part) used for business pursuits. The plaintiff provided no evidence to indicate that Mr. Hill was at the building for any reason other than as a tenant of the Plaintiff. Reasonable minds could only conclude that Mr. Hill was there in connection with his business relationship with the plaintiff.
CP at 405-06. Mr. Torgerson appeals the court's determination that no coverage existed.

ANALYSIS
Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Hutchins v. 1001 Fourth Ave. Assocs., 116 Wash.2d 217, 220, 802 P.2d 1360 (1991). The burden is on the party moving for summary judgment to demonstrate there is no genuine dispute as to any material fact and reasonable inferences from the evidence must be resolved against the moving party. Lamon v. McDonnell Douglas Corp., 91 Wash.2d 345, 349, 588 P.2d 1346 (1979) (citing Morris v. McNicol, 83 Wash.2d 491, 494-95, 519 P.2d 7 (1974)). The motion should be granted only if, from all the evidence, a reasonable person could reach but one conclusion. Lamon, 91 Wash.2d at 350, 588 P.2d 1346 (citing Morris, 83 Wash.2d at 494-95, 519 P.2d 7).
When reviewing an order granting summary judgment, this court engages in the same inquiry as the trial court. Welch v. Southland Corp., 134 Wash.2d 629, 632, 952 P.2d 162 (1998). "Interpretation of an insurance contract is a matter of law which we review de novo." Caroff v. Farmers Ins. Co., 98 Wash.App. 565, 568, 989 P.2d 1233 (1999), review denied, 141 Wash.2d 1006, 10 P.3d 1073 (2000).
Insurance policy language is interpreted the way it would be understood by the average person. Vadheim v. Continental Ins. Co., 107 Wash.2d 836, 840-41, 734 P.2d 17 (1987). In interpreting exclusions, Washington courts have held that exclusions from coverage are contrary to the fundamental protective purpose of insurance and will not be extended beyond their clear and unequivocal meaning. McDonald Indus., Inc. v. Rollins Leasing Corp., 95 Wash.2d 909, 915, 631 P.2d 947 (1981). Exclusions are strictly construed against the insurer. Mid Century Ins. Co. v. Henault, 128 Wash.2d 207, 213, 905 P.2d 379, 59 A.L.R.5th 789 (1995).
Mr. Torgerson contends that the trial court erred as a matter of law when interpreting and construing the legal effect of the business pursuits exclusion in the homeowner's policy. The parties agree that the test to determine whether an activity is a business pursuit is found in Stuart v. American States Ins. Co., 134 Wash.2d 814, 822, 953 P.2d 462 (1998). Under that test, in order to constitute a business pursuit, the activity must (1) be conducted on a regular and continuous basis, and (2) be profit motivated. Id. It is not necessary that the profit be the sole motivation of the pursuit, nor the major source of the livelihood for the owners. Id.
In granting summary judgment, the court found that the recreational building was used both in connection with the Torgersons' business pursuits, as well as for their personal use. Additionally, the court found that reasonable minds could reach only the conclusion that Mr. Hill was at the recreational building as a tenant of the Torgersons, and thus the business pursuits exclusion applied.
Mr. Torgerson argues that the trial court should have focused on the use of the recreational building, rather than focusing on the overall mobile home park and the injured party's activities. He argues that the recreational building was used as an extension of his residence. Also, he contends that because none of the tenants were charged a fee to use the recreational building, he could not be profit-motivated in allowing tenants to use the building.
The circumstances in this case do not fit neatly within the Stuart test. On the one hand, the Torgersons' operation of the mobile home park meets both prongs of the test and certainly would be considered a business activity. On the other hand, the Torgersons' practice of inviting or permitting tenants to *833 use the recreational building does not obviously fit both prongs of the Stuart test. As Mr. Torgerson points out, the building was used for personal use on a regular basis, and the tenants were not charged to use the building, except for the coins required by the laundry machines.
However, the Torgersons offered the use of the recreational building as an amenity to their mobile home park. Additionally, the building was an amenity for the Torgersons' other nearby tenants, such as Mr. Hill. This can be inferred from Mr. Torgerson's admission to North Pacific that he told Mr. Hill he could use the building and then gave Mr. Hill a tour of the building.
While no direct evidence exists regarding why Mr. Hill was in the recreational building that night in December, it is clear that he was not there in response to a social invitation from the Torgersons. The outcome of this case may be different if Mr. Hill was injured at the recreational building while he was a social guest of the Torgersons. It is inescapable that Mr. Hill was at the recreational building on that night because he was a tenant of the Torgersons. The Torgersons' relationship with Mr. Hill is properly characterized as part of their business pursuits. As such, Mr. Hill's use of the recreational building can be deemed part of his tenancy with the Torgersons.
Mr. Torgerson also contends that the court erred by failing to apply the non-business pursuits exception. He argues that the exception applied because maintenance of the staircase is an activity "usual to non-business pursuits." The policy provides that the business pursuits exclusion does not apply to activities which are usual to non-business pursuits.
In Rocky Mountain Cas. Co. v. St. Martin, 60 Wash.App. 5, 802 P.2d 144 (1990), the court stated that the proper focus in analyzing the nonbusiness activities exception should not be on the activity, but on the alleged negligent act. Id. at 10, 802 P.2d 144. In that case, the court found that the insured's negligence in failing to supervise a child who she was babysitting, as part of her in-home child care business, was not saved from the business pursuit exclusion by the "nonbusiness activities" exception. The court reasoned, "`Undertaking the business relation of child care for compensation is certainly not ordinarily incident to the conduct of a household.'" Rocky Mountain, 60 Wash.App. at 11, 802 P.2d 144 (quoting Stanley v. American Fire & Cas. Co., 361 So.2d 1030, 1032 (Ala.1978)).
This court has stated that courts apply the nonbusiness pursuit exception where the insured is not engaged in his employment, is not operating an instrumentality ordinarily related to the business, or is not motivated by a business purpose. Transamerica Ins. Co. v. Preston, 30 Wash.App. 101, 105, 632 P.2d 900 (1981). We cited with approval language from a Missouri case that stated the activity "`must be one which is not associated with or related in any way to the insured's business pursuits.'" Id. at 106, 632 P.2d 900 (quoting Martinelli v. Sec. Ins. Co., 490 S.W.2d 427, 432 (Mo.App.1972)).
In this case, Mr. Hill alleged that the Torgersons failed to exercise the proper care in maintaining the common areas of the recreational building. The Torgersons' maintenance of the recreational building was not completely separate from their business pursuits. The building was used not only by the Torgersons for their family social events, but it was also held open to any and all of their tenants. As such, the Torgersons' maintenance or failure to maintain the building should be characterized as related to business pursuits, and thus the nonbusiness activities exception should not apply. The court did not err in finding this exception did not apply.
Finally, Mr. Torgerson contends that the court improperly considered the inferences in the light most favorable to North Pacific. He argues that the inferences that favor his case indicate that Mr. Hill was not at the recreational facility to do laundry, the only aspect of the building that could be deemed to be profit-motivated. However, Mr. Hill's activities at the recreational building are irrelevant. That is because he was at the building because of his tenant relationship with the Torgersons. No evidence was introduced that he may have been at the *834 building due to a social invitation or obligation with the Torgersons. As such, the court should not be deemed to have improperly weighed the inferences.
Affirm.
WE CONCUR: SCHULTHEIS, J., and BROWN, J.
NOTES
[1] The Torgersons did not have a commercial insurance policy covering the mobile home park.