FILED
COURT OF APPEALS
DIVISION II

2013 SEP 17 AM 8:39

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42783-4-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| MICHAEL DAVID MARTIN, | |
| Appellant. | |

BJORGEN, J. – A jury returned verdicts finding Michael David Martin guilty of attempted first degree theft, first degree malicious mischief, second degree criminal trespass, and third degree driving while license suspended. Martin appeals his convictions, asserting that (1) his defense counsel provided ineffective assistance by failing to move to exclude the testimony of a State's witness, and (2) he did not consent to have a pro tempore judge preside over his trial. We affirm.

## FACT

Byron Brown is the owner of a rock crushing company in Cowlitz County, Washington. On the morning of July 30, 2011, Brown drove to his gravel pit and saw a person standing

underneath his rock crusher. The person came out from beneath the rock crusher, emptied a backpack, and left on foot. Brown looked around to see if there was anyone else on his property, saw no one, and then drove to his house and had his wife call 911. As Brown was returning to the gravel pit, he saw a vehicle parked on a road adjacent to his property. Believing that the vehicle might be related to the unauthorized person on his property, Brown took a photograph of the vehicle's license plate. Brown then drove toward a trail leading to his gravel pit and saw Martin carrying a backpack and a bicycle. Brown told Martin to stop, but Martin refused. After Brown pulled out a pellet gun, Martin told Brown his first name, what road he lived on, and that the vehicle belonged to his mother. Martin then walked to the vehicle and drove away.

Brown followed Martin as he drove away. Martin eventually stopped, got out of the vehicle, begged Brown to let him go, and told Brown, "I wasn't stealing from you this time." Verbatim Report of Proceedings (VRP) at 43. Cowlitz County Sheriff's Deputy Jordan Spencer arrived at the gravel pit and found cut wire and a pair of wire cutters underneath Brown's rock crusher. When officers questioned Martin, he admitted to being on Brown's property but stated that he was there on a nature hike. Martin also admitted to driving his mother's vehicle while his license was suspended. The officers found tools inside of the vehicle that Martin had been driving.

On August 3, 2011, the State charged Martin with attempted first degree theft, first degree malicious mischief, second degree criminal trespass, and third degree driving while license suspended. Commissioner Dennis Maher, acting as a superior court judge pro tempore,

2

presided over Martin's trial. Before starting trial, Martin, his defense attorney, and the State

signed a form agreeing to allow Commissioner Maher to preside over the trial. Prior to starting

jury selection, the trial court had the following discussion with Martin:

> [Trial court]: This is the matter of State of Washington v. Michael David Martin, 11-1-00786-1. It is a matter that we actually began yesterday and we declared a mistrial. So this is day one of the trial. So I have indicated to the attorneys that we probably needed to put on the record many of the issues that we had discussed yesterday in our pre-trial yesterday. So, Mr. Martin, as I indicated to you yesterday, I'm hearing this matter as a judge pro tem. To do that you need to agree to my appointment to hear this matter in that capacity. Have you had an opportunity to discuss that with your attorney?
>
> [Martin]: Yes, sir.
>
> [Trial court]: And on the record are you agreeing for me to hear this matter as a judge pro tem?
>
> [Martin]: Yes, sir.
>
> [Trial court]: And I have a document that purports to have the signature of both attorneys and you. Is that your signature on this document?
>
> [Martin]: Yes, it is.
>
> [Trial court]: And you gave that of your own free will? Nobody forced you to do that?
>
> [Martin]: Yes.

VRP at 1-2.

At trial, the State called Deann Nelson, the buy-back manager for Waste Control in

Longview, Washington, as its final witness. Nelson testified about the value of scrap metal,

including the buy-back price Waste Control pays for scrap copper wire. Nelson also testified

that Martin regularly sold scrap metal to Waste Control, but could not state what types of metal

Martin had sold to the company.

Martin testified in his own defense. He admitted to being on Brown's property, but

stated that he was on the property to take a nature hike. Martin also admitted that he had seen

the no trespassing signs on Brown's property, but that he chose to ignore them. Additionally,

Martin admitted to driving without a license. He denied that he attempted to steal anything from

3

No. 42783-4-II

the gravel pit and stated that he never went near Brown's rock crusher. The jury returned verdicts finding Martin guilty of all the State's charges. Martin timely appeals his convictions.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Martin first asserts that his defense counsel provided ineffective assistance by failing to move to exclude Nelson's testimony, arguing that the testimony was not relevant. We disagree.

We review ineffective assistance of counsel claims de novo. *State v. Binh Thach*, 126 Wn. App. 297, 319, 106 P.3d 782 (2005). To prevail on an ineffective assistance of counsel claim, Martin must show both that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Brockob*, 159 Wn.2d 311, 344-45, 150 P.3d 59 (2006). Performance is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Prejudice results if the outcome of the trial would have been different had defense counsel not rendered deficient performance. *McFarland*, 127 Wn.2d at 336-37. We strongly presume that counsel is effective and the defendant must show the absence of any legitimate strategic or tactical reason supporting defense counsel's actions. *McFarland*, 127 Wn.2d at 337. To rebut this presumption, the defendant bears the burden of "establishing the absence of any '*conceivable* legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011), *on remand*, 168 Wn. App. 635, 278 P.3d 225 (2012) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). Under ER 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to

4

No. 42783-4-II

the determination of the action more probable or less probable than it would be without the evidence."

In asserting that his attorney rendered ineffective assistance, Martin does not identify any specific testimony by Nelson to which his attorney should have objected. Instead, Martin appears to argue that his attorney was ineffective for failing to object to the "entirety of Ms. Nelson's testimony" because nothing contained in Nelson's testimony was relevant to any issue at trial. Br. of Appellant at 10. However, Nelson's testimony regarding the value of scrap copper wire was relevant to establish the value of the items that the State alleged Martin attempted to steal from Brown's gravel pit, which value is an essential element that the State was required to prove to convict Martin of attempted first degree theft.[1] Additionally, Nelson's testimony regarding Martin's previous sales of scrap metal to Waste Control was relevant to show that Martin intended to deprive Brown of the copper wire contained in Brown's rock crusher,[2] which is also an essential element that the State was required to prove to convict Martin of attempted first degree theft.[3] Because Martin fails to demonstrate that Nelson's testimony was not relevant, his assertion that his counsel was ineffective for failing to object to Nelson's testimony on relevance grounds is without merit.

---

[1] Former RCW 9A.56.030 (2009) provides that a person is guilty of first degree theft if "he or she commits theft of: (a) Property or services *which exceed(s) five thousand dollars in value* . . . ." (Emphasis added.)

[2] Martin does not assert on appeal that the trial court would have sustained an objection to this testimony under ER 404(b) and, thus, we do not address that issue.

[3] RCW 9A.56.020(1)(a) provides that "theft" means "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, *with intent to deprive him or her of such property or services*." (Emphasis added.)

5

No. 42783-4-II

Moreover, even if Martin could demonstrate that the trial court would have sustained an objection to Nelson's testimony on relevance grounds, he cannot overcome the strong presumption that his counsel was effective because his counsel had a legitimate tactical reason for not objecting to Nelson's testimony. Defense counsel argued at closing that, based on Nelson's testimony regarding the value of scrap copper wire, Martin could not have taken a substantial step toward the commission of first degree theft because he would have had to steal over 833 pounds of copper in order to reach the value element of former RCW 9A.56.030 (2009). Absent Nelson's testimony, the jury would have been left only with Brown's testimony valuing his damaged copper wire at $16,000. Accordingly, Martin's attorney had a legitimate tactical reason for not objecting to Nelson's testimony and, thus, Martin fails to establish ineffective assistance of counsel.

II. WAIVER OF RIGHT TO HAVE AN ELECTED JUDGE PRESIDE OVER TRIAL

Next, Martin asserts that his convictions must be reversed because the record fails to establish that he knowingly and voluntarily consented to have a judge pro tempore preside over his trial. The record, however, clearly shows that Martin consented, both orally and in writing, to have a judge pro tempore preside over his trial. Thus, his argument lacks merit and we affirm his convictions.

Article IV, section 7 of the Washington State Constitution provides that members of the bar may preside over trials in superior court as judges pro tempore when "agreed upon in writing by the parties litigant or their attorneys of record, and [the bar member] is approved by the court and sworn to try the case." RCW 2.08.180 similarly provides that bar members may preside over trials as judges pro tempore when agreed on in writing by the parties or their attorneys of

6

record. Although article IV, section 7 of our State constitution and RCW 2.08.180 provide that the parties "or *their attorneys of record*" may provide written consent to have a judge pro tempore preside over trial, an attorney cannot waive his or her client's right to have the case presided over by an elected superior court judge over the client's objection. *State v. Sain*, 34 Wn. App. 553, 557, 663 P.2d 493 (1983) (citing CONST., art. IV, § 7).

In *Sain*, 34 Wn. App. at 554-55, a criminal defendant's attorney orally consented to trial by a judge pro tempore without the defendant's consent and then withdrew from the case. The defendant's new attorney stipulated to a trial by a judge pro tempore but "with the understanding [that] the question of the defendants' consent would be raised the following morning before trial." *Sain*, 34 Wn. App. at 555. The following morning, the defendant refused to consent to have a judge pro tempore preside over his trial. *Sain*, 34 Wn. App. at 555. Despite the defendant's explicit refusal to consent, however, the judge pro tem declined to recuse himself and proceeded to trial. *Sain*, 34 Wn. App. at 555. The *Sain* court reversed the defendant's conviction, holding that the judge pro tempore lacked authority to preside over the trial without the parties' consent. *Sain*, 34 Wn. App. at 557.

In *State v. Osloond*, 60 Wn. App. 584, 585, 805 P.2d 263 (1991), the defendant's attorney entered a written stipulation consenting to a judge pro tempore presiding over trial. On appeal, the defendant asserted that his attorney's written consent was invalid because the record failed to show that he personally consented to have a judge pro tempore preside over his trial. *Osloond*, 60 Wn. App. at 585. The *Osloond* court held that the attorney's stipulation was sufficient to waive the defendant's right to have an elected superior court judge preside over trial, despite the absence of any showing that the defendant personally gave his consent. *Osloond*, 60 Wn. App.

at 586-87. In so holding, the court relied on the express language of article IV, section 7 of the Washington State Constitution and RCW 2.08.180, allowing an attorney to consent to a judge pro tempore on behalf of his or her client. *Osloond*, 60 Wn. App. at 586. The *Osloond* court distinguished *Sain*, noting that unlike the defendant in *Sain*, Osloond did not assert that his attorney entered into a stipulation against his express objection. *Osloond*, 60 Wn. App. at 586.

As in *Osloond*, Martin does not argue that his attorney consented to have a judge pro tempore preside over trial against his express objection. Rather, Martin acknowledges that he consented to the judge pro tempore presiding over his trial both orally and in writing. Martin argues, however, that his oral and written consent was insufficient to waive his right to a trial before an elected superior court judge because the trial court failed to inform him on the record of this right. In support of his argument, Martin cites to several cases discussing the requirement that a trial court enter into a colloquy with the defendant to assure that the defendant is properly informed of certain constitutional rights before it may find the defendant knowingly, intelligently and voluntarily waived those rights. However, the cases Martin cites in support of his argument address a defendant's waiver of the right to counsel, waiver of the right to a jury trial, and waiver of certain rights by entering a guilty plea. These cases do not assist Martin as they do not address the waiver of a trial by an elected superior court judge, which by the plain language of article IV, section 7 and RCW 2.08.180 may be waived by the parties' attorneys of record. Following *Osloond*, Martin's written and oral consent to have a judge pro tempore preside over

No. 42783-4-II

his trial is more than sufficient to effectuate a waiver of his right to have an elected superior court judge preside over his trial. Accordingly, we affirm Martin's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

HUNT, P.J.

PENOYAR, J.

9