[No. 15197-2-III. Division Three. March 11, 1997.]

NEOMA STUART, *Appellant*, v. AMERICAN STATES INSURANCE COMPANY, *Respondent*.

*Louie V. Delorie, Jr.,* and *Wiley G. Hurst & Associates,* for appellant.

*James S. Scott, Ralph D. Scott,* and *Scott & Scott,* for respondent.

THOMPSON, J. — Neoma Stuart was injured in a pedestrian/bicycle accident. Jody Collins, a foster child placed with Tom and Patricia McCabe, was on an outing with a foster agency representative riding his bike, when he struck Ms. Stuart. The McCabes had a homeowners policy with American States Insurance (ASI). Jody assigned his claim against ASI to Ms. Stuart, who then sued ASI. ASI moved for summary judgment claiming the business pursuits exclusion applied because the McCabes' foster home constituted a business. Ms. Stuart also moved for summary judgment. The court granted ASI's motion and denied Ms. Stuart's motion. Ms. Stuart appeals both orders claiming (1) a foster home is not a business; and (2) even if it is a business, the act of riding a bicycle is not an activity related to the conduct of operating a foster home. We reverse the order granting summary judgment to ASI and remand for trial.

The facts of this case are not in dispute. On August 5, 1991, Jody Collins, a bicyclist, struck Neoma Stuart, a pedestrian, on the Yakima Greenway. Jody Collins was a foster child living in the home of Tom and Patricia McCabe at the time of the accident. The McCabes had a standard homeowners policy with ASI.

At the time of the accident, the foster child was on an outing with the Yakima Valley Farm Worker's Clinic (YVFWC). The YVFWC provided developmental therapy to foster children placed in the McCabe residence.

The McCabes received their license to operate a foster home in December 1986 or January 1987. They had a contract with YVFWC to provide foster care for any children the State or the YVFWC might place with them. Since 1986, 12 children have been placed in their care. The McCabes have fostered as many as five children at one time. The average length of time a child has stayed with the McCabes is two to three years. The McCabes are reimbursed by the State for expenses associated with caring for the children. They receive from $369 to $870 per

month per child, depending on the special needs of each child. The McCabes fill out and submit vouchers to the YVFWC each month. They do not declare the money they receive as income, nor do they claim their foster children as dependents. Both Mr. and Mrs. McCabe work outside the home.

Prior to receiving their license to operate the foster home, the McCabes applied for a homeowners policy. ASI issued them a policy which excluded injuries or property damage "arising out of business pursuits of an insured." The McCabes never informed ASI that thereafter they became a licensed foster home. According to ASI, had it known, it would have either increased their premiums or canceled the policy. ASI has a company policy that it will not insure homes in which more than two children are placed at any one time.

Ms. Stuart filed a claim against YVFWC for negligent supervision, and Jody Collins for general negligence. Jody Collins tendered his defense to ASI. ASI denied coverage due to the business pursuits exclusion. Ms. Stuart settled her claims with YVFWC and Jody Collins, and at that time, Jody assigned his claim against ASI to Ms. Stuart. Ms. Stuart then brought this action against ASI. Both Ms. Stuart and ASI moved for summary judgment. The court granted summary judgment in favor of ASI based upon the business pursuits exclusion. Ms. Stuart appeals and asks this court to reverse both the order denying her motion and the order granting ASI's motion.

■ When reviewing a summary judgment, the appellate court engages in the same inquiry as the trial court. *McGreevy v. Oregon Mut. Ins. Co.*, 74 Wn. App. 858, 863, 876 P.2d 463 (1994), *aff'd*, 128 Wn.2d 26, 904 P.2d 731 (1995). Summary judgment is appropriate when no genuine issues of material fact exist. *Id.*

### Business Pursuits Exclusion

Ms. Stuart contends a foster home is not a business

pursuit under the law, and thus the exclusion does not apply. Washington has analyzed the business pursuits exclusion in four cases. *Stoughton v. Mutual of Enumclaw*, 61 Wn. App. 365, 810 P.2d 80 (1991); *Rocky Mountain Cas. Co. v. St. Martin*, 60 Wn. App. 5, 802 P.2d 144 (1990), *review denied*, 116 Wn.2d 1026 (1991); *Transamerica Ins. Co. v. Preston*, 30 Wn. App. 101, 632 P.2d 900 (1981); *U. S. F. & G. Ins. Co. v. Brannan*, 22 Wn. App. 341, 589 P.2d 817 (1979). Two of those cases provide tests for determining if an activity qualifies as a business pursuit. *Stoughton*, 61 Wn. App. at 369; *Rocky Mountain*, 60 Wn. App. at 7.

In *Rocky Mountain*, the issue was whether babysitting fell under the business pursuits exclusion of a homeowners policy. *Id.* at 6. The court considered two tests: (1) baby-sitting is a business pursuit if it is done on a regular and continuous basis for compensation; or (2) baby-sitting is a business pursuit if it is continuous and motivated by profit. *Id.* The court adopted the first test. *Id.* at 6-7.

In *Stoughton*, the court was asked to determine if a part-time repairman's activities constituted a business pursuit. *Stoughton*, 61 Wn. App. at 367-68. The court followed the *Rocky Mountain* decision with respect to the requirement that an activity be continuous and regular to qualify as a business pursuit. *Id.* at 369. However, as to the second part of the test, the court adopted the more expansive rule which looks at whether the activity in question was motivated by profit. *Id.* Thus, under *Stoughton*, the test for determining whether an activity constitutes a business pursuit requires (1) evidence that the activity is carried on in a regular and continuous fashion, and (2) evidence that the activity is *motivated by profit. Id.* As to the second prong of the test, the court did not think the activity had to be solely motivated by profit, nor a major source of livelihood to establish a profit motive, but did think some profit motivation was required. *Id.* at 370-71.

Whether summary judgments were proper in this case depends upon the test used by this court. Exclusions from

coverage are contrary to the fundamental protective purpose of insurance and will not be extended beyond their clear and unequivocal meaning. *McDonald Indus., Inc. v. Rollins Leasing Corp.*, 95 Wn.2d 909, 915, 631 P.2d 947 (1981). Exclusions should be strictly construed against the insurer. *Mid-Century Ins. Co. v. Henault*, 128 Wn.2d 207, 213, 905 P.2d 379 (1995); *Queen City Farms, Inc. v. Central Nat'l Ins. Co.*, 126 Wn.2d 50, 74, 882 P.2d 703 (1994). Applying the *Rocky Mountain* test broadens the base of the policy exclusion because it does not take into consideration a factor that would seem a sine qua non of going into business—making a profit. We agree that *Stoughton* is the correct rule. A profit motive is a necessary consideration in evaluating whether a pursuit is in fact a business.

 Evidence before the trial court indicates that the McCabes acquired a foster home license to care for a young girl who Mrs. McCabe had befriended. The McCabes held jobs outside of the home, but Mrs. McCabe was injured and could not work for five years. The McCabes became licensed to provide a home for the young girl, and hoped to make a difference in the lives of all of these children. The McCabes were reimbursed by the State in varied amounts per child, for expenses associated with caring for the children. Thus, though there is evidence the McCabes took in children for purely humanitarian reasons, there is also evidence they were reimbursed for their efforts. It is unclear whether there was a profit motive. A question of fact exists. In granting ASI's motion for summary judgment, the court relied on *Rocky Mountain*. Since we have held *Stoughton* is the correct rule, we remand for a factual determination using the expanded rule.

### EXCEPTIONS TO THE BUSINESS PURSUITS EXCLUSION

██ Ms. Stuart also contends that riding a bicycle was an activity which is not usual to the business of running a foster home. An exception to the business pursuits exclusion exists when (1) the insured is acting out of the scope

of employment; (2) the insured is not using an instrument related to the business; or (3) the insured is not motivated by their business purpose. *Transamerica,* 30 Wn. App. at 105. In *Rocky Mountain,* the court stated that in analyzing this exception to the business pursuits exclusion, courts should look to the actor's negligence, not the activity. *Rocky Mountain,* 60 Wn. App. at 10. If an actor's negligence was in doing an act which was not usual to the business pursuit, then the exception applies. *Id.*

In this case, the negligent actor was the foster child. He was on an outing with an agency that assisted the foster parents in providing for Jody Collins. The child was participating in an activity related to his role as a foster child. Riding a bicycle is not foster care related. Participating in the outing was. The trial court was correct in concluding this exception to the business pursuits exclusion does not apply.

### FAILURE TO DISCLOSE FOSTER HOME ACTIVITIES

ASI contends that if this court determines the foster home was not a business pursuit, and/or Jody Collins' actions qualify as an exception to the business pursuits exclusion, then summary judgment was still proper because the policy was void. ASI claims the policy was void because the McCabes never informed it that they ran a foster home. The trial court did not mention this issue in its ruling, but ASI did make this argument to the court.

An insured has no right to recover under an insurance policy when the insured has ratified any misrepresentation contained in the application. *Brown v. Jackson Nat'l Life Ins. Co.,* 48 Wn. App. 268, 274, 738 P.2d 701, *review denied,* 109 Wn.2d 1004 (1987). An insured has a duty to read the application and correct any misrepresentations. *Id.* Any failure to correct such misrepresentations becomes a ratification. *Id.* ASI contends the McCabes misrepresented the fact that they ran a foster home, which in effect voids their policy and supports summary judgment.

Its argument fails for two reasons. First, when the McCabes completed their application for homeowners insurance they were not a foster home. The McCabes did not become a foster home until December 1986 or January 1987; they applied for the policy in August 1986. Secondly, the page of the application contained in the record does not indicate they were questioned about business pursuits, nor is there any reference to foster home activities. The McCabes made no misrepresentations on their application. ASI cites no authority requiring the McCabes to affirmatively inform them of their new status as foster parents. Nothing in the record supports ASI's argument that the policy was void.

█ Ms. Stuart requests an award of attorney fees at both the trial and appellate levels for bringing the coverage action. She cites *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991) and *McGreevy v. Oregon Mut. Ins. Co.*, 74 Wn. App. 858, 876 P.2d 463 (1994), *aff'd*, 128 Wn.2d 26, 904 P.2d 731 (1995), as authority for allowing said fees. An insured is entitled to attorney fees when compelled to bring legal action to obtain benefits under the insurance contract. *McGreevy*, 74 Wn. App. at 874. Ms. Stuart was compelled to bring legal action to obtain benefits under the insurance contract. Depending on the ultimate outcome, if Ms. Stuart prevails, she is entitled to attorney fees.

We reverse the court's order granting summary judgment to ASI and remand for trial as to whether a profit motive exists. The grant or denial of attorney fees will abide the final result.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Reconsideration denied April 22, 1997.

Review granted at 133 Wn.2d 1001 (1997).