[No. 65056-0. En Banc.]
Argued October 15, 1997.     Decided March 12, 1998.
CERTIFICATION FROM THE UNITED STATES
COURT OF APPEALS FOR THE NINTH CIRCUIT
IN
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Appellant*, v. BEATRIZ A. RUIZ, ET AL., *Appellees*.

714

*Reed McClure*, by *Michael S. Rogers*, for appellant.
*Levinson, Friedman, Vhugan, Duggan & Bland*, by *Robert M. Kraft*, for appellees.

ALEXANDER, J. — The Ninth Circuit Court of Appeals has certified the following question to this court:

> Under an insurance policy that defines "relative" as "a person related to [the insured] by blood or adoption who lives with [the insured]," does a temporary visit for a vacation, planned to last approximately five weeks and no longer, constitute "living with" the insured?

United States Court of Appeals for the Ninth Circuit, Order No. 95-35942, at 7 (Nov. 8, 1996). Considering that question in light of the facts set forth in that court's order and amplified in the briefs of the parties, we answer the question in the affirmative.

Beatriz Ruiz and Aurora Apusen, citizens of the Republic

of the Philippines, are sisters. Ruiz immigrated to the United States in 1992 and thereafter applied for United States citizenship. She and her husband own a house in California where they permanently reside. In 1994, the Ruizes filed federal and California income tax returns in which they listed their California home as their residence. They also own two vehicles that are registered in California and they maintain a bank account in that state.

Aurora Apusen is a widow. She has not applied for United States citizenship, nor does she have permanent resident status in this country. Apusen traveled to the United States in March 1994, first visiting the Ruizes in California. While in that state she obtained a State of California identification card.

On May 3, 1994, Beatriz Ruiz and Aurora Apusen traveled together to this state to visit another sister, Elsie Miranda, a married woman. Both women stayed with Miranda and her husband at the Mirandas' home in Seattle from May 3 through June 6. During their stay in Seattle they bathed, maintained their clothes and personal items, and received mail at the Mirandas' home.

Ruiz and Apusen have each said that their trip to Seattle was in the nature of a vacation. They both indicated, additionally, that they did not intend to become permanent residents of the Miranda household and that they had planned to return to California on June 10, 1994. Unfortunately for Ruiz and Apusen, on June 6, 1994, they suffered injuries while they were traveling in this state as passengers in a van driven by Eleazar Llera, Elsie Miranda's friend.

After the accident, Ruiz and Apusen each made a claim for underinsured and first party benefits under an insurance policy that Miranda and her husband maintained with State Farm Mutual Automobile Insurance Company (State Farm). This policy provides underinsured and first party coverage for "the first person named" and "you" (the Mirandas) as well as persons who fall within the definition of a "relative" or "relatives" of the Mirandas. Excerpt of

R. of Appellees at 13-6, 13-7. The policy defines a "relative," in relevant part, as "a person related to you by blood or adoption who lives with you." Excerpt of R. of Appellees at 13-7.

State Farm did not dispute Ruiz and Apusen's assertions that they were related to Elsie Miranda by blood. It did, however, deny them coverage on the basis that they were not living with the Mirandas at the time of the accident.

State Farm then commenced an action against Ruiz and Apusen in King County Superior Court, seeking a declaratory judgment that Ruiz and Apusen were not covered by the Mirandas' policy with State Farm. Ruiz and Apusen sought and obtained an order removing State Farm's cause of action to the United States District Court. United States District Court Judge William Dwyer thereafter granted their summary judgment motion, concluding, as a matter of law, that Ruiz and Apusen were "living with" the Mirandas and, thus, were covered under the State Farm policy. State Farm appealed that decision to the Ninth Circuit Court of Appeals which certified to this court the question we have set forth above.

State Farm asserts that the answer to the certified question is no. It contends that the words "lives with" or "living with" are synonymous with "resides with" or "residing with," terms which imply a long-term living arrangement. Br. of Appellant at 12. According to State Farm, persons like Ruiz and Apusen who temporarily visit a relative for approximately five weeks do not "live with" or "reside with" that relative. Br. of Appellant at 10.

Ruiz and Apusen disagree with State Farm, indicating that we should answer the certified question yes. They contend that because the terms "residing" and "lives with" appear in different provisions in the policy, it follows that the terms have different meanings and, thus, are not synonymous. They argue, additionally, that the term "lives with," as used in this policy, unambiguously means "living or dwelling in fact whether or not permanently or continuously." Br. of Appellees at 5. According to Ruiz and Apusen,

they were in fact living with the Mirandas during their five-week stay in the Mirandas' home. Finally, they contend that even if the term "lives with" is deemed ambiguous, it should be given the construction most favorable to them. Br. of Appellees at 7.

■■ In responding to the certified question, we observe, first, that because the pertinent clause provides for coverage to persons who are included in the definition of relative, it is an inclusionary clause. *See, e.g., Tokley v. State Farm Ins. Cos.*, 782 F. Supp. 1375, 1378 (D.S.D. 1992) (holding that the definition of "relative" is a provision that defines the persons to whom coverage is extended, as opposed to defining persons excluded from coverage, and is therefore an inclusionary clause). As a general principle, courts must liberally construe inclusionary clauses in insurance policies in favor of coverage for those who can reasonably be embraced within the terms of the clause. *Pierce v. Aetna Cas. & Sur. Co.*, 29 Wn. App. 32, 36, 627 P.2d 152, *review denied*, 95 Wn.2d 1032 (1981). Consequently, in deciding whether or not persons, like Ruiz and Apusen, who temporarily visit an insured to whom they are related by blood for five weeks are included within the policy definition of a "relative," we are obliged to place a liberal construction on that term. With that principle in mind, we discuss hereafter, the issues presented by the certified question.

1. Is the Term "Lives With" Synonymous with "Resides With?"

In support of its argument that the term "lives with" is synonymous with "resides with," State Farm notes that the former term is not defined in the policy. It, therefore, directs our attention to two dictionaries as aids in discerning the plain, ordinary, and popular meaning of the term "live." *See Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 877, 784 P.2d 507, 87 A.L.R.4TH 405 (1990) ("To determine the ordinary meaning of an undefined term, our

courts look to standard English language dictionaries." (citations omitted)). The dictionaries cited by State Farm do indicate that "live" and "reside" may be synonyms.[1] Although we acknowledge that the latter word connotes a permanent living arrangement and may be a synonym for "live," we observe that another dictionary suggests that "reside" is not always interchangeable with "live" because it has legal significance, which "live" does not share. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1931 (3d ed. 1986) ("[D]espite the fact that [reside] is somewhat formal, [it] may be the preferred term for expressing the idea that a person keeps or returns to a particular dwelling place as his fixed, settled, or legal abode . . . [e.g.,] officially *residing* in Pennsylvania but *living* most of the time in Washington.").[2]

A recent decision by our Court of Appeals recognized the distinction that is noted in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY. In *State Farm Mut. Auto. Ins. Co. v. Johnson*, 72 Wn. App. 580, 586, 871 P.2d 1066, *review denied*, 124 Wn.2d 1018, 881 P.2d 254 (1994), the court examined policy language identical to that contained in the Mirandas' policy with State Farm and held that "the two terms cannot be synonymous given that the term 'lives with' has no legal or technical meaning, unlike the term 'residing with.' " *Johnson*, 72 Wn. App. at 586 (citing *Stoner v. State Farm Mut. Auto. Ins. Co.*, 780 F.2d 1414, 1417 (8th Cir. 1986); *Fisher v. Novak*, No. CIV.A.88C-MY-21, 1990 WL 82159, at *2 (Del. Mar. 20, 1990), *aff'd*, 599 A.2d 414 (Del. 1991); *Coley v. State Farm Mut. Auto. Ins. Co.*, 178 Ill. App. 3d 1077, 534 N.E.2d 220, 221-22 (1989)).

■ State Farm suggests that the aforementioned Washington case was wrongly decided, asserting that the

---

[1]THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 763 (1973); WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY 1058 (2d ed. 1983).

[2]*See also Ross v. State Farm Mut. Auto. Ins. Co.*, 132 Wn.2d 507, 523, 940 P.2d 252 (1997) (holding spouses "lived with" each other even though they maintained legal residences in different states).

*Johnson* court failed to follow the rule we set forth in *Boeing*, to the effect that a word's legal technical meaning should not trump "the common perception of the common man." Br. of Appellant at 19 (quoting *Boeing*, 113 Wn.2d at 881). We do not retreat from what we said in *Boeing*. Indeed, we take note of the fact that we indicated there that " '[T]he proper inquiry is not whether a learned judge or scholar can, with study, comprehend the meaning of an insurance contract' but instead 'whether the insurance policy contract would be meaningful to the layman . . .'."[3] By expressing that sentiment, though, we did not intend to suggest that courts should ignore the technical meaning of a word when the legal significance of that word would be understood by a common person.

In our judgment, one does not need to be a judge or scholar to understand that the words "reside" or "residing with" have legal significance. We are satisfied that the average purchaser of insurance understands the legal significance of "resides" or "residing" and demonstrates that understanding when registering to vote, filling out tax forms, applying for a job or seeking permanent resident status in a state or country. In short, the legal meaning of "reside" or "resides with," which "live" and "lives with" do not possess, is an integral part of the definition of those terms and militates against their being considered synonymous with "lives with" in this contract.

Finally, Ruiz and Apusen argue persuasively that State Farm must have intended "lives with" to mean something different than "resides with" because the policy makes a distinction between those terms in the section of the policy defining terms. They correctly observe that the policy in question requires that the "first person named" and "you or your" be "regularly residing" with an insured to qualify for coverage, but requires only blood relatives to

---

[3]*Boeing*, 113 Wn.2d at 881 (quoting *Dairyland Ins. Co. v. Ward*, 83 Wn.2d 353, 358, 517 P.2d 966 (1974)).

"live with" an insured in order for them to be covered.[4] If State Farm had intended that visiting relatives such as Ruiz and Apusen be residents of the named insured's household in order to fall within the definition of "relative," it could easily have defined "relative" as it defined "first person named" or "you or your." By failing to do so, one can reasonably assume that the drafter of the policy, State Farm, intended the terms to have different meanings. To conclude otherwise would nullify the differences between these definitions, and thus, fail to give effect to each provision of the contract. *See, e.g., McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 734, 837 P.2d 1000 (1992) (agreeing with rule that courts should interpret the policy in a way that gives effect to each provision); *see also E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986).

2.    Given That "Lives With" and "Resides With" Are Not Synonymous, What Does the Term "Lives With" Mean?

If the language in an insurance contract is clear and unambiguous, the court must enforce it as written and may not modify the contract or create ambiguity where none exists. *Ross v. State Farm Mut. Auto. Ins. Co.*, 132 Wn.2d 507, 515, 940 P.2d 252 (1997). Both parties before the court suggest that the meaning of the term "lives with" is clear and unambiguous. Unfortunately, they do not agree as to its meaning. State Farm, as we have observed, asserts that it means "resides with" and implies a permanent living arrangement. Ruiz and Apusen contend, on the other hand, that "lives with" does not mean a permanent or continuous living situation, but means "living or dwelling in fact whether or not permanently or continuously." Br. of Appellees at 2-3 (quoting *Johnson*, 72 Wn. App. at 586).

---

[4]Under the definition section of the policy in question, "first person named" includes "a person *regularly residing* in the household" and "you or your" also includes "a person *regularly residing* in the named insured's household." Excerpt of R. at 13-6 (emphasis added). A "relative" includes "a person related to you by blood or adoption who *lives with* you." Excerpt of R. at 13-7 (emphasis added).

Language in an insurance contract that is susceptible to two different but reasonable interpretations is ambiguous. *Ross*, 132 Wn.2d at 515. Because Ruiz and Apusen, and State Farm, each proffer a different meaning of the term in question, it is tempting to hold that the meaning of the term is ambiguous. We do not believe, however, that this would be a proper determination. As we have noted above, we are satisfied that State Farm's suggestion that "lives with" and "resides with" are synonyms is not reasonable. Reaching that conclusion, unfortunately, does not provide us with a precise definition of the term "lives with."

In seeking the meaning of the term, we find, initially, that we are attracted to a view held by a court in another jurisdiction to the effect that the term is somewhat broad and "elastic," and includes under its umbrella temporary stays as well as permanent living arrangements. *See Davis v. State Farm Mut. Auto. Ins. Co.*, 583 So. 2d 225, 230 (Ala. 1991). Ruiz and Apusen's assertion that "lives with" means living or dwelling in fact with the insured, whether on a permanent or temporary basis, is consistent with that notion. It also mirrors the meaning placed on the term by the court in *Johnson* which held that "lives with" simply means to "occupy or dwell." *See Johnson*, 72 Wn. App. at 587. We find ourselves in agreement with the *Johnson* court's view of the term and hold specifically that the words are not ambiguous and have the meaning ascribed to them by Ruiz and Apusen.

3.   Does a Relative's Temporary Stay With the Insured for Five Weeks Constitute "Living or Dwelling In Fact" With That Insured?

Our conclusion that the term "lives with" unambiguously means "living or dwelling in fact on a permanent or temporary basis" does not answer the precise question posed to us by the federal court: "[D]oes a temporary visit for a vacation, planned to last approximately five weeks and no longer, constitute 'living with' the insured." Ninth Circuit Order at 7. In resolving the specific question posed

to us by the federal court, we believe the *Johnson* case, which dealt with a provision in a State Farm policy identical to the clause with which we are here concerned, is instructive. *See Johnson*, 72 Wn. App. at 586.

The issue in *Johnson*, like the issue here, was whether an insured's son was "living with" the insured at the time of the accident, thus bringing him within the policy's definition of a "relative." The facts were that Johnson, a married man, had moved in with his parents at their Seattle home while he looked for a job in Seattle. During the time Johnson was staying at his parents' home, his wife and children remained in Texas. Although Johnson and his parents originally understood that his stay with them would be for an indefinite period, the living arrangement became finite when, on November 17, 1986, he signed a lease for a home in the Seattle area. Approximately 10 days before December 1, 1986, the day Johnson was to take possession of the leased premises, he was injured in an automobile accident in a car driven by a co-worker. Five days after the accident, Johnson returned to Texas in order to move his family to Seattle. Upon returning to Seattle, Johnson, his wife and his children spent the first night at his parents' house and then moved into the leased house on December 1 as planned. Based on these facts, the Court of Appeals construed coverage in favor of Johnson, concluding that he was "living with" his parents when he was injured.

We think the court's conclusion was proper and that a similar conclusion is justified here. As was the case in *Johnson*, the Mirandas' home was Ruiz and Apusen's sole and exclusive abode during their five-week stay in Seattle. During their stay with the Mirandas they bathed, maintained their clothes and personal items, and received mail at that home. They were, in our view, dwelling in and occupying the Mirandas' home at the time they were involved in the accident, notwithstanding the fact that, like Johnson, they had future plans to depart from that home and return to their permanent residences. In sum, Ruiz and Apusen's

temporary visit for a vacation, planned to last approximately five weeks and no longer, constituted living in fact with the insured.

■ Although we conclude here that the meaning of the term "lives with" unambiguously means living in fact with a blood relative, we acknowledge that it may not always be entirely clear whether a particular factual situation falls within the term.[5] There may be instances, for example, where a person's stay with an insured relative is so brief and transitory that, despite the broadness and elasticity of the term, it cannot be said that the person was in fact dwelling or living with the relative. We are satisfied, though, that the situation described in the certified question falls under the term, particularly in light of the requirement that the term must be liberally construed in favor of coverage. *See Hawaiian Ins. & Guar. Co. v. Federated Am. Ins. Co.*, 13 Wn. App. 7, 8, 20, 534 P.2d 48, 93 A.L.R.3D 407 (1975) (indicating that phrase " 'resident of the same household' " was to be interpreted liberally as an inclusionary clause).

In conclusion, we answer the question certified to us by the Ninth Circuit Court of Appeals in the affirmative. In our view, Ruiz and Apusen were "living with" the insureds during their five-week visit with them.

---

[5]The Ninth Circuit's Order recognizes the difficulty presented in discerning what factual scenarios fall within the parameters of living with a blood relative. In its order the court said:

"While Johnson makes clear than an arrangement need not be 'permanent or continuous' to constitute 'living with,' it leaves unclear what constitutes 'living or dwelling in fact.' If, as Ruiz and Apusen contend, a one-month vacation is 'living with' the insured, is a one-week vacation, or for that matter an overnight stay, 'living with' the insured? If, as State Farm contends, a one-month vacation is not 'living with' the insured, what about a six-month vacation, or a one-year stay?" Ninth Circuit Order at 4.

Because we are able to answer the precise question certified to us by the Ninth Circuit without deciding whether the phrase "lives with" encompasses other factual situations, we decline to address hypothetical cases involving stays of lesser duration. *See Washington Water Power Co. v. Graybar Elec. Co.*, 112 Wn.2d 847, 852 n.3, 774 P.2d 1199, 779 P.2d 697 (1989) ("[W]e decline to consider the matter, as it falls outside the scope of the federal district court's order of certification.").

DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, TALMADGE, and SANDERS, JJ., concur.