142 F.3d 445
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois
Corp., Plaintiff-Appellant,
v.
Beatriz A. RUIZ; Jose M. Ruiz, wife and husband; Aurora A.
Apusen, a single person, Defendants-Appellees.
 No. 95-35942.
D.C. No. CV-95-00169-WLD.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 6, 1996.**
Decided April 30, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington, William L. Dwyer, Presiding.
 
 
 2
 Before BRUNETTI and O'SCANNLAIN, Circuit Judges; WILLIAMS,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 State Farm Mutual Automobile Insurance Company ("State Farm") appeals from the district court's grant of summary judgment and award of attorney fees and costs to Beatriz Ruiz, Jose Ruiz, and Aurora Apusen. The parties dispute whether Beatriz Ruiz and Aurora Apusen have coverage under a State Farm automobile insurance policy. The district court's summary judgment declared that they do. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 5
 The facts are known to the parties and we shall not repeat them here.
 
 
 6
 Pursuant to Wash.Rev.Code § 2.60.020 and Wash.R.App.P. 16.16, we certified the following question to the Supreme Court of Washington:
 
 
 7
 Under an insurance policy that defines "relative" as "a person related to [the insured] by blood or adoption who lives with [the insured]," does a temporary visit for a vacation, planned to last approximately five weeks and no longer, constitute "living with" the insured?
 
 
 8
 The Supreme Court of Washington has answered this question in the affirmative. See Certification from the United States Court of Appeals for the Ninth Circuit in State Farm Mutual Automobile Insurance Company v. Ruiz, 134 Wash.2d 713, 952 P.2d 157, 162 (Wash.1998) (en banc). In the view of the Supreme Court of Washington, "Ruiz and Apusen were 'living with' the insureds during their five-week visit with them." Id. Consequently, Ruiz and Apusen are entitled to coverage under the State Farm automobile insurance policy.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3