[No. 35285. Department One. September 22, 1960.]

GEORGE ALWAY, Respondent, v. CARSON LUMBER COMPANY et al., Appellants.[1]

*Robert J. Salvesen* and *Eisenhower, Hunter & Ramsdell,* for appellants.

*Garver & Garver* (*Robert W. Garver,* of counsel), for respondent.

MALLERY, J.—This is an action upon an oral logging contract. The plaintiff agreed to cut certain timber belonging to the defendant Carson Lumber Company (which will be referred to as if it were the sole defendant) and deliver it to a log dump at Stevenson, Washington, at the rate of $20.50 per thousand board feet, as scaled by the Columbia River Log Scaling & Grading Bureau (hereinafter called the Bureau).

There is no controversy as to the logs which were scaled at the dump in Stevenson. Some of the logs, which had been bundled, were towed to destinations specified by the buyer. These logs were to have been scaled at the destination when the bundles were broken.

The issues at the trial relate to logs alleged to have disappeared from the bundles and not accounted for, and to the cost of building logging roads for which the plaintiff sought compensation. The plaintiff prayed for $9,621.40 as the cost of building an access road, $2,876 for alleged log shortages during 1955, and an alleged underpayment of $198.70 for 1956.

The defendant counterclaimed for $558.68, alleged to be an overpayment for the 1956 logs, and for $7,686.80 as the costs incurred in completing the logging operation after plaintiff abandoned it.

The jury brought in a verdict for the plaintiff of $12,696.10, the full amount prayed for. The counterclaim of defendant was disallowed. Before judgment was entered, the plaintiff consented to a reduction in the verdict of $558.68, thereby abandoning his own claim of underpayment, in 1956, and acknowledging that defendant's claim of overpayment was correct.

[1]Reported in 355 P. (2d) 339.

Judgment was entered for the plaintiff in the sum of $12,137.42. The defendant appeals.

The questions presented upon appeal are factual. The appellant challenges the sufficiency of the evidence to sustain the verdict and the admissibility of certain testimony and exhibits introduced by the respondent.

The first question of fact concerns the alleged log shortages in 1955. The respondent testified that he kept a count of all the logs delivered to the dump and, by his count, 8,055 logs were dumped in 1955. He claimed that only 7,357 logs were scaled by the Bureau. The average number of board feet of all logs scaled by the Bureau was 239.5 board feet. Upon that basis, respondent claimed that 167,171 board feet was approximately the amount of timber missing. At the contract price of $20.50 per thousand board feet, the total value of the missing timber would be $3,427.01. The jury found that the missing timber was worth $2,876, which is less than it could have found under the evidence.

No evidence was presented as to what happened to the missing logs after they were delivered to the appellant. Upon this basis, it is claimed that the respondent failed in his proof. We do not agree.

The determinative fact is the delivery of the logs. If the jury found that the logs were, in fact, delivered, it would then have the right to infer that their disappearance was at the appellant's risk.

We find that the record supports the verdict on this item.

The major issue at the trial was whether or not the access road was to be paid for by the appellant or its cost was to be included in the price of $20.50 per thousand board feet. The appellant admitted there was sufficient evidence to sustain the finding that the price of $20.50 was not to include the road construction. Nevertheless it challenges the sufficiency of the evidence to support the amount of the verdict for this item.

The respondent testified that he used one of his tractors on the road for five months, and that fair rental for it would be $1,500 a month, or a total of $7,500. He introduced his time books, which showed that his employees spent approximately three thousand hours working on the road, and testified he paid his employees about $2.50 an hour. This makes a total of $7,500 for labor. He further testified that he personally spent a great deal of time on the road, and that the fair value of his services was $2,500.

From the evidence presented, the jury was entitled to find that the total cost of the road was $17,500. The appellant claims that, from this figure, it should receive a credit of $20.50 per thousand board feet, which it had paid for logging the right of way of the road, because respondent should not be allowed to charge this item both for logging and road construction. We agree, and, in theory, the respondent does also. However, there is *no* evidence in the record from which the jury could calculate the amount of such a setoff.

Actually, we cannot determine from the record whether or not the jury allowed appellant such a credit. It may very well have done so in view of the evidence that the road cost $17,500 and for some

reason only $9,621.40 was allowed the respondent. Thus, $7,878.60 might have been allowed to the appellant because of the credit which it claims. The appellant cannot benefit from this vague state of the record because it had the burden of proving the setoff it had alleged.

Appellant makes a series of assignments of error relating to prejudicial conduct on the part of the trial court and counsel for the respondent. The chief item is that the trial court said it could not make "heads or tails" out of certain of appellant's exhibits.

From the context in which the statement was made, it was not prejudicial to appellant's case because it did not express belief or disbelief regarding the evidence on the part of the trial court. Such a statement is, therefore, not within the constitutional ban on judicial comments on evidence. *Dennis v. McArthur,* 23 Wn. (2d) 33, 158 P. (2d) 644. In any event, no exception was taken to the comment nor was a limiting instruction requested. Hence, it cannot be considered upon appeal.

The contention that respondent's counsel was guilty of misconduct is also without merit. No punctilio was exhibited by either party during the trial. Mutual bickering does not entitle the loser to a new trial.

The judgment of the trial court is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

---

[*En Banc.* June 8, 1961.][2]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein.

[2]Reported in 362 P. (2d) 358.