68 P.3d 1061 (2003)
149 Wash.2d 135
PUGET SOUND ENERGY, INC., Petitioner,
v.
ALBA GENERAL INSURANCE COMPANY; Anglo-French Insurance Company, Limited; Anglo-Saxon Insurance Association, Limited; The Baloise Fire Insurance Company, Limited; British Aviation Insurance Company, Limited; British National Life Insurance Society; Centennial Insurance Company; Century Indemnity as Successor-In-Interest to Insurance Company of North America and as Successor-In-Interest to Indemnity Insurance Co. of North America; City General Insurance Company; Continental Casualty Company; The Dominion Insurance Company, Limited; Drake Insurance Company, Limited; Edinburgh Insurance Company, Limited; Employers Insurance Company of Wausau; The Excess Insurance Company, Limited; Excess Insurance Company of America; Fidelidade Insurance Company of Lisbon; Gibbon (N.M.) Group; The Home Insurance Company; Iron Trades Mutual Insurance Company; Lexington Insurance Company; London and Edinburgh Insurance Company, Limited; London Market Companies; Minster Insurance Company, Limited; National Casualty Company; National Casualty Company of America; North Star Reinsurance Company; Old Republic Insurance Company; Pacific Employers Insurance Company; Pacific Mutual Marine Office, Inc.; Reliance Fire and Accident Insurance Corporation; River Thames Insurance Company, Limited; The Steven Provinces Insurance Company, Limited; Sphere Insurance Company, Limited; Swiss National Insurance Company, Limited; Swiss Union General Insurance Company; The Travelers Indemnity Company; The Travelers Property Casualty Corp. as Successor-In-Interest to Aetna Casualty and Surety Co.; Underwriters at Lloyd's, London; United Standard Insurance Company, Limited; United States Fire Insurance Company; Vanguard Insurance Company, Limited; Westport Insurance Corp. as Successor-In-Interest to Manhattan Fire and Marine Insurance Company; World Auxiliary Insurance Corporation, Limited; and Zurich American Insurance Company of Illinois, Respondents.
No. 72116-5.
Supreme Court of Washington, En Banc.
Argued October 22, 2002.
Decided April 10, 2003.
Gordon Murray Tilden, Charles Gordon, James Murray, Jeffrey Tilden, Riddel *1062 Williams Bullitt & Walkinshaw, David Brenner, Jayson Sowers, Seattle, for Petitioner.
Soha & Lang, R. Lind Stapley, Steven Soha, Lane Powell Spears Lubersky, Linda Clapham, Robert Israel, Todd & Wakefield, Scott Wakefield, Cozen & O'Connor, Curt Feig, Wilson Smith Cochran & Dickerson, David Jacobi, Mikkelborg Broz Wells & Fryer, John Lenker, Davis Wright Tremaine, Thomas James, Donald Knuze, Peery Hiscock Pierson Kingman & Peabody, Michael Ricketts, Merrick Hofstedt & Lindsey, Tyna Ek, Seattle, for Respondents.
JOHNSON, J.
This case involves the issue of who carries the burden of establishing the extent of an offset for payments received by an insured from settling insurersthe insured or the nonsettling insurers. Large costs associated with multiple environmental cleanup sites triggered this litigation between the insured, Puget Sound Energy, Inc. (PSE), and the nonsettling insurers (Insurers). PSE contends the Court of Appeals erroneously assigned them the initial burden of proof regarding offsets of proceeds from the other settling insurers. At issue is whether the Court of Appeals decision on remand of this case is still in conflict with our decision in Weyerhaeuser Co. v. Commercial Union Insurance Co., 142 Wash.2d 654, 15 P.3d 115 (2000).[1] We conclude the Court of Appeals improperly allocated an initial burden to PSE and remand to the trial court for further proceedings.

FACTS
This is an environmental insurance coverage action involving the disposition of insurance settlement proceeds received by the petitioner, PSE. In November 1997, PSE filed suit against a number of first-party and third-party insurance companies seeking a declaratory judgment and money damages with respect to environmental liabilities at six sites in Washington.[2] The Insurers moved for summary judgment arguing that, in settling with other insurers, PSE had already recovered sufficient funds to cover its liabilities. In response, PSE claimed the settlement recoveries dealt with other sites not part of the present litigation. PSE also argued that it could not definitely and precisely determine what the future cost at each site would be since the future costs were essentially unknown. Ultimately, the trial court agreed with the Insurers, holding that PSE already recovered sufficient funds to satisfy its known environmental cost at the six different sites. The trial court based its ruling on four admissions made by PSE. The admissions established PSE had received nearly $56 million from insurance carriers, noninsurer third parties, and tax refunds concerning the sites at issue. Of the $56 million, $48 million had been spent on the cost of investigation, remedial and monitoring actions, insurance coverage, and litigation expenses. The remaining proceeds were the estimated future costs at the sites as of December 31, 1997.
In its first decision, the Court of Appeals affirmed the dismissal of all first-party insurers and reversed the dismissal with respect to the third-party insurers. Puget Sound Energy, Inc. v. ALBA Gen. Ins. Co., 109 Wash.App. 683, 10 P.3d 445 (2000). When evaluating PSE's claim against its third-party insurers, the court noted PSE may be able to show some of the money received has been, or will be, allocated to other sites. The court held, "[if] it can do so, it may also be able to prove that it has not yet been made whole and is entitled to recover from the third-party insurers who are parties to this *1063 appeal." Puget Sound Energy, 109 Wash. App. at 691, 10 P.3d 445.
The court went on to discuss at length which party would have the burden of proof with respect to offsets of settlement proceeds. Relying on Pederson's Fryer Farms, Inc. v. Transamerica Insurance Co., 83 Wash.App. 432, 922 P.2d 126 (1996), PSE argued that the nonsettling insurers had the burden of proving that offsets are necessary to prevent a double recovery. Puget Sound Energy, 109 Wash.App. at 691-92, 10 P.3d 445. The Insurers, citing Litho Color, Inc. v. Pacific Employers Insurance Co., 98 Wash.App. 286, 991 P.2d 638 (1999), argued they were entitled to a complete offset of settlement proceeds unless PSE provided them with the specific amount of proceeds it had allocated, or would allocate, to each individual site. Puget Sound Energy, 109 Wash. App. at 693, 10 P.3d 445. Finding both arguments "draconian," the court concluded:
having survived summary judgment by producing evidence that the settlement proceeds it has received may not be allocable solely to the sites at issue in this appeal, [PSE] must demonstrate how it intends to or has allocated the funds it has received from the settling insurers.
Puget Sound Energy, 109 Wash.App. at 695, 10 P.3d 445. The court further stated when PSE shows the allocation, "[a]t that point, the burden shifts to the insurers to prove that PSE has received adequate compensation." Puget Sound Energy, 109 Wash.App. at 695, 10 P.3d 445.
PSE sought review of the Court of Appeals ruling challenging both the burden of proof and the affirmance of the dismissal of the first-party insurers. Before review was considered, this court released its opinion in Weyerhaeuser Co. v. Commercial Union Insurance Co., 142 Wash.2d 654, 15 P.3d 115. Soon after, PSE filed a motion for accelerated review, claiming the Court of Appeals holding on the burden of proof directly conflicted with Weyerhaeuser. At that time, PSE stated that if this court were to grant the motion, it would drop its challenge to the dismissal of the first-party insurers. This court at 143 Wash.2d 1008, 21 P.3d 281 (2001), granted review solely on the issue of settlement offsets and remanded to the Court of Appeals for reconsideration in light of Weyerhaeuser. On remand, the Court of Appeals added a single sentence to its original opinion: "As the Supreme Court held in Weyerhaeuser Co. v. Commercial Union Insurance Co., the ultimate burden of establishing that PSE will receive a double recovery is on the insurers." Puget Sound Energy, 109 Wash.App. at 695, 10 P.3d 445 (citation omitted). The Court of Appeals did not reverse its position, but held PSE must first show how it has, or will, allocate the proceeds it received from the settling insurers; only then would the burden shift to the insurers to show PSE has fully recovered. Puget Sound Energy, 109 Wash.App. at 695, 10 P.3d 445. We granted review of this decision at 146 Wash.2d 1016, 51 P.3d 86 (2002).

ANALYSIS
The sole issue before this court is whether the Court of Appeals holding is consistent with Weyerhaeuser regarding who has the burden of proof.[3] In Weyerhaeuser, the insured settled with all but one insurer regarding an environmental cleanup. At trial, the jury found coverage for the majority of the sites at issue, and a judgment of $7.8 million was entered. After judgment was entered, the insurers moved to offset the judgment by the amount of previous settlement proceeds. The trial court denied the motion. This court, adopting the reasoning of the Court of Appeals in Pederson's, held the insurer failed to prove a double recovery. Given the form of the release and the number of claims and parties, we explained it was impossible "`for the court to say affirmatively that Commercial Union has demonstrated that Weyerhaeuser has been made whole.'" Weyerhaeuser, 142 Wash.2d at 671-72, 15 P.3d 115 (quoting trial court's oral ruling). In adopting *1064 this approach we observed, "the insurers that chose to settle in this case received far more than a simple release of liability at specific sites" but "also purchased certainty by avoiding the risks of an adverse trial outcomenot to mention forgoing the expenses associated with a lengthy trial and appeal." Weyerhaeuser, 142 Wash.2d at 673, 15 P.3d 115. The settling insurers "`paid Weyerhaeuser for a release from an unquantifiable basket of risks and considerations,'"; therefore, the court could not "say the settlements simply constituted payment for [the] cleanup costs." Weyerhaeuser, 142 Wash.2d at 673, 15 P.3d 115 (quoting Br. of Resp't).
Here, as in Weyerhaeuser and Pederson's, the settling insurers did more than just settle a claim with PSE. They obtained a release, a release from any number of risks and expenses associated with, among other things, the trial and appeal process. As the court in Weyerhaeuser noted, "we cannot say the settlements simply constituted payment for Weyerhaeuser's cleanup costs." Weyerhaeuser, 142 Wash.2d at 673, 15 P.3d 115. "Were we to hold the insured bears the burden of proving it has not received a double recovery, such a rule would encourage litigation and reward the nonsettling insurer for refusing to settle." Weyerhaeuser, 142 Wash.2d at 674, 15 P.3d 115. Under this reasoning, if a nonsettling insurer seeks to offset its responsibility for a claim using proceeds from such a settlement, it has the burden of establishing what part of the settlement was attributable to the claim it seeks to offset. That same principle applies here.
The Insurers would have us adopt a rule contrary to our holding in Weyerhaeuser. Weyerhaeuser establishes that the insurer carries the burden. The Court of Appeals rule, while placing the final burden on the insurer, adds an additional prong which places a threshold burden on the insured. This burden forces the insured, in this case PSE, to make an additional showing which contradicts and is inconsistent with the Weyerhaeuser (and Pederson's) rule. In Weyerhaeuser we did not require the policyholder/insured to break down its costs among released sites or claims, or infer that Weyerhaeuser did anything other than defend against the insurer's motion. We reasoned that when an insurance company settles a claim, it receives a release that is greater than the original claim. The release is for an unquantifiable basket of risks and consideration, not simply payment for the insured's costs. If the insured were forced to disclose how every dollar was spent, there would be no incentive for any insurance company to settle claims of this magnitude. That is why the burden is placed squarely on the shoulders of the nonsettling insurers; if they wish to avoid paying on a claim, they must show the insured has been made whole.
The Court of Appeals rule would require PSE to produce more than its known information, i.e., it is more than a burden of production. To the extent that PSE has not allocated its settlement proceed in the past, the Court of Appeals is requiring PSE to predict how in the future some of the settlement proceeds will be used. The rule forces PSE to allocate that which has not been allocated or is not yet able to be allocated. In other words, as a condition to pursuing claims for the sites at issue, PSE must assign a price tag to each of the risks in its unquantified bundle of settled risks. This analysis is far more than a simple burden of production: it is the exact burden of proof assigned to the insurers in the Weyerhaeuser case.
Thus far, the third-party insurers have failed to establish their offset claim in order to warrant summary judgment. Like Pederson's and Weyerhaeuser, the insurers have not made an affirmative showing that PSE has been made whole. PSE has established that the settlement proceeds at issue were secured by releasing risks broader than those at issue in this case.[4] The Court of Appeals recognized this by holding PSE should survive summary judgment with regard *1065 to the third-party insurers. The court's only mistake was placing the initial burden of proof on PSE.

CONCLUSION
We therefore affirm and remand to the trial court based on the presence of issues of fact as to whether PSE has been made whole with respect to the third-party insurers. In resolving these issues, consistent with Weyerhaeuser and Pederson's, the Insurers bear the burden of establishing the right to and amount of any offsets necessary to avoid double recovery by PSE.
ALEXANDER, C.J., MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, SMITH, JJ.
NOTES
[1] This is the second appeal to this court arising out of the present case. In the first appeal, this court at 143 Wash.2d 1008, 21 P.3d 281 (2001), granted review and remanded the case for reconsideration in light of Weyerhaeuser. On remand, the Court of Appeals made a one sentence amendment to its decision, stating under Weyerhaeuser the insurers had the ultimate burden of showing that the settlement proceeds made PSE whole. The remainder of the decision was unchanged. Puget Sound Energy, Inc. v. ALBA Gen. Ins. Co., 109 Wash.App. 683, 10 P.3d 445 (2000).
[2] The sites have been referred to as: (1) Chehalis, (2) Everett, (3) 22nd and A Street in Tacoma, (4) Thea Foss Waterway in Tacoma, (5) Gas Works Park, and (6) Quendall Terminals. Puget Sound Energy, 109 Wash.App. at 686, 10 P.3d 445.
[3] Any issue relating to PSE's claims against its first-party insurers was dismissed by this court in PSE's first appeal. In its second appeal, PSE did not renew its challenge to the dismissal of its claims against its first-party insurers. Therefore, under RAP 13.7(b) the issue was not raised and will not be considered by this court.
[4] For example, American Home contributed $9 million in settlement proceeds. The agreement between PSE and American Home reflects that the amount paid was at least in part for the present and future cost associated with the Commencement Bay, Mercer Street Headquarters, and Georgetown warehouse sites, none of which is at issue in this action. PSE admitted as much in the insurers' request for admissions by stating that it received money in connection with actions relating to environmental contamination at sites which included the sites in the present action.