253 P.3d 101 (2011)
160 Wash.App. 728
HARMONY AT MADRONA PARK OWNERS ASSOCIATION, a Washington condominium unit owners association, Plaintiff,
v.
MADISON HARMONY DEVELOPMENT, INC., a Washington corporation, Defendant/Third Party Plaintiff,
Ledcor Industries, a Washington corporation; and Milbrandt Architects, Inc., a Washington corporation, Third Party Defendants,
Ledcor Industries (USA) Inc., a Washington corporation, Respondent,
Margaux's Marine Graphics, Inc., a Washington corporation, d/b/a Serock Construction, Appellant.
No. 64037-2-I.
Court of Appeals of Washington, Division 1.
February 22, 2011.
*103 Kenneth J. Cusack, Law Office of William J. O'Brien, Seattle, WA, for Appellant.
Scott A. Samuelson, Richard L. Martens, Martens & Associates PS, Seattle, WA, for Respondent.
LEACH, J.
¶ 1 This is the second appeal in this case.[1] Margaux's Marine Graphics Inc. d/b/a Serock Construction (Serock) appeals the trial court's decision denying it an offset for the amount Ledcor Industries (USA) Inc. obtained in settlement with a different defendant. It also appeals the court's calculation of Ledcor's damages and an additur awarding Ledcor attorney fees and costs incurred on remand. These claims lack merit.
¶ 2 Because Serock presented no evidence supporting its offset claim, the trial court properly denied Serock's claim a second time. Substantial evidence supports the trial court's calculation of Ledcor's damages. Finally, because the parties' contract authorizes reasonable fees and costs to the prevailing party and Ledcor, the prevailing party, supported its fee request with unrebutted evidence, the trial court did not err in awarding fees on remand. We therefore affirm.

FACTS
¶ 3 This is a construction defects case involving a 25-building condominium complex in Bellevue.[2] The case began when the condominium homeowners' association filed suit against the owner-developer, which filed a third party complaint against Ledcor, the general contractor.[3] Ledcor settled with the developer and filed a fourth party complaint against several subcontractors that worked on the project, including Serock.[4] Ledcor alleged Serock breached its subcontract and failed to fulfill its indemnification obligations.[5]
¶ 4 All subcontractor-defendants except Serock settled with Ledcor before trial.[6] After a three-day bench trial, the court determined that Serock breached its contractual obligations on 11 of 13 buildings, but the statute of limitations barred Ledcor's contract claims as to 4 buildings. The court awarded $57,375 in damages for these 4 buildings pursuant to the indemnification agreement and $95,625 in contract damages for the other 7.[7]
¶ 5 The court also awarded a pro rata share of Ledcor's defense costs incurred before its tender of defense to Serock (the "pre-tender" period).[8] Lastly, the trial court denied Serock's posttrial motion to offset damages by Ledcor's settlement amount with the other subcontractor-defendants.[9] The court ruled that Serock failed to plead offset as an affirmative defense and failed to present any evidence that Ledcor had previously recovered for repairs related to Serock's defective work.[10]
¶ 6 Serock appealed to this court. In a published opinion, Harmony at Madrona *104 Park Owners Ass'n v. Madison Harmony Development, Inc.,[11] we affirmed the trial court's award of indemnity damages but reversed the judgment on contract claims as time barred. We specifically noted that "nothing in this opinion precludes the trial court from considering whether Ledcor is entitled to indemnification for repairing the seven other buildings, for which the trial court erroneously awarded damages under a breach of contract theory."[12] We also affirmed the trial court's denial of an offset because substantial evidence supported the finding that Serock's defective work caused the damages awarded Ledcor, and Serock presented no evidence demonstrating that Ledcor previously recovered for repairing the same work.[13] We also affirmed Serock's liability for pre-tender defense costs but reversed the amount of fees awarded as arbitrarily granted.[14]
¶ 7 Serock filed a motion for reconsideration of the denial of its offset claim. In the same motion, Serock requested instructions to the trial court to reopen discovery on that issue. We denied the motion in its entirety.
¶ 8 On remand, Ledcor moved for an expedited trial date with a limited case schedule without additional discovery. Serock did not oppose an expedited trial but requested limited discovery on the issue of Ledcor's prior settlements with other subcontractors. Ledcor opposed Serock's request to reopen discovery on the grounds that Harmony fully resolved Serock's offset claim. The trial court granted Ledcor's motion. Serock has not appealed this decision.
¶ 9 Ledcor then moved for summary judgment, arguing the contract damages reversed on appeal should be awarded as indemnity damages. Ledcor also reasserted its claim for pre-tender attorney fees and costs and requested an additur for expenses accrued in bringing its summary judgment motion and in responding to any motion that Serock might file. Serock did not oppose indemnity liability for the remaining seven buildings. Instead, Serock reasserted its entitlement to an offset and alleged that Ledcor failed to establish a reasonable basis for determining Serock's share of the pre-tender defense expenses. However, Serock presented no evidence to support its offset claim.
¶ 10 The trial court granted Ledcor's motion in part, awarding Ledcor $127,500.00 in indemnity damages for the seven buildings and denying Serock's offset claim. It also granted Ledcor's request for fees and costs incurred on remand. But because Ledcor failed to establish a viable method for segregating Serock's share of pre-tender attorney fees and costs, the court denied Ledcor's pre-tender fee request. Final judgment totaled $430,153.96.
¶ 11 Serock appeals.

STANDARD OF REVIEW
¶ 12 This court reviews a summary judgment order de novo, engaging in the same inquiry as the trial court.[15] Summary judgment is proper if, after viewing all facts and reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law.[16]

ANALYSIS
¶ 13 Serock contends the trial court erred by denying it an offset against the indemnity damages awarded Ledcor on remand. Specifically, Serock claims that Ledcor had the burden of proving that its settlement with another subcontractor included recovery for repairs other than those required to correct Serock's defective work. Serock further claims that our opinion in Ledcor Industries (USA), Inc. v. Mutual of *105 Enumclaw Insurance Co.[17] provided the trial court with sufficient evidence of the factual basis for its offset claim. We disagree with each contention.
¶ 14 Generally the party claiming an offset has the burden of proving this claim.[18] In Puget Sound Energy, Inc. v. ALBA General Insurance Co.,[19] our Supreme Court held that a nonsettling insurer-defendant claiming a right to an offset bears the initial burden of showing that the insured-plaintiff had been made whole by the settlement. Puget Sound Energy relied on Weyerhaeuser Co. v. Commercial Union Insurance Co.[20] and Pederson's Fryer Farms, Inc. v. Transamerica Insurance Co.[21] In those cases, the court held that when an insured has obtained judgment against an insurer and the insurer seeks an offset for settlements made with other insurers, the insurer bears the burden of proving double recovery.[22] Our Supreme Court noted that if it were otherwise, "`such a rule would encourage litigation and reward the nonsettling insurer for refusing to settle.'"[23]
¶ 15 Serock attempts to distinguish the cases cited in the previous paragraph on the basis that they all involve insurance coverage but offers no persuasive basis for this asserted distinction. Serock also contends that Eagle Point Condominium Owners Ass'n v. Coy[24] supports its position that Ledcor had the burden of proving that the indemnity damages awarded Ledcor did not duplicate monies recovered in settlement. Again, we disagree.
¶ 16 In Eagle Point, the homeowners' association asserted the same claims against the developer, Coy, and the contractor, Brixx.[25] When the association settled with Brixx for $65,000, Coy claimed an offset in the full amount of the settlement.[26] The association continued to assert the same claims against Coy after the settlement with no indication that any claim had been resolved.[27] On this record, we affirmed the trial court's decision granting an offset of $55,000 on the basis that "the trial court was within its discretion to conclude that an offset was necessary as a matter of equity to ensure that the plaintiffs did not recover damages from both Coy and Brixx for the same defects."[28] The case provides no support for Serock because we did not address who had the burden of proof, only whether the trial court abused its discretion when weighing the evidence presented to it.
¶ 17 Serock also contends that our opinion in Ledcor Industries (USA), Inc. v. Mutual of Enumclaw Insurance Co. provides sufficient evidence to meet its burden of proof. It cites no authority for the proposition that our opinion in a different case constitutes evidence in this case. However, we do not need to decide this question because our opinion, if evidence, would not satisfy Serock's burden of proof. Our opinion contains no information about the terms of the settlement agreement, the scope of subcontractor's work, or what parts of that work were claimed to be defective. Without *106 this information, Serock failed to provide the trial court with an evidentiary basis to exercise its discretion to decide the appropriateness of the requested offset.
¶ 18 Next, Serock asserts the trial court erred as a matter of law by not discounting the indemnity award by 25 percent to account for costs of repairing metal flashing not within its scope of work, in light of this court's decision in Harmony approving a damage calculation that included the 25 percent discount. Again, we disagree.
¶ 19 Evidence sufficiently proves damages when it "`affords a reasonable basis for estimating the loss and does not subject the trier of fact to mere speculation or conjecture.'"[29] Mathematical certainty is not required, and a fact finder has discretion to award damages that are within the range of competent evidence in the record.[30] Generally, "[a]n appellate court will not disturb an award of damages made by the fact finder unless it is outside the range of substantial evidence in the record, or shocks the conscience, or appears to have been arrived at as the result of passion or prejudice."[31]
¶ 20 The trial court, acting as the fact finder, had discretion on remand to use, modify, or completely disregard the calculation approved in Harmony when calculating indemnity damages for the seven remaining buildings, so long as competent evidence in the record supported its decision. Ample evidence provided a reasonable basis for estimating Ledcor's loss at $127,500. The trial court found the total cost to repair and replace defects connected to Serock's work totaled $255,000. Finding of fact 14, which Serock does not dispute, states,
Ledcor presented expert testimony from Richard Witte of McBride Construction, which testimony the Court finds to be credible, persuasive and unrebutted, stating opinions based on his work as the supervisor of the contractor for the repairs made at the Harmony project and his knowledge, skill, education and training, that the cost to repair and replace all of the defective work performed by Serock and damages caused by Serock was $255,000.00.
Using $255,000 as the base, the court divided this number in half, totaling $127,500. The record demonstrates that the court did this to account for the four buildings for which Ledcor already recovered indemnity damages and the two buildings on which Serock performed no work. Because this includes "all of the defective work performed by Serock and damages caused by Serock," competent evidence in the record supports the indemnity award.
¶ 21 Serock suggests it should not be held liable for the 25 percent of repair costs representing the cost of repairing defective metal flashing outside its scope of work and defective without regard to Serock's work. But indemnity is a distinct and separate equitable cause of action, requiring "`full reimbursement and transfers liability from the one who has been compelled to pay damages to another who should bear the entire loss.'"[32] Because competent evidence in the record supports the court's finding that, in the course of repairing Serock's defective work, the work of other trades, including flashing (whether defective or not), had to be replaced,[33] the court reasonably included the cost of repairing the flashing. Finding no error, we affirm the trial court's award of indemnity damages.[34]
*107 ¶ 22 Finally, Serock claims that the trial court abused its discretion by awarding an additur for fees and costs Ledcor accrued on remand. This challenge appears to be based on two erroneous assertionsthat Ledcor was not a prevailing party under the agreement because it did not prevail on its claim for pre-tender defense costs and that Ledcor expended an excessive amount of attorney time on its summary judgment motion on remand.
¶ 23 We review a party's entitlement to attorney fees as an issue of law de novo.[35] Generally, a court lacks authority to award attorney fees absent a contract, statute, or recognized ground of equity.[36] In this case, the indemnification addendum to the parties' contract stated, "Subcontractor's duty to defend, indemnify and hold Contractor and Owner harmless shall include, as to all claims, demands, losses and liability to which it applies, Contractor's and/or Owner's personnel-related costs, consultant fees, reasonable attorneys' fees, court costs and all other claim-related expenses." Paragraph 7.4, as amended in appendix A to the agreement, also authorized the "prevailing party" to seek "its actual attorneys' fees and all costs of . . . litigation." In Washington, a prevailing party or substantially prevailing party is the one that receives judgment in its favor at the conclusion of the entire case.[37]
¶ 24 Ledcor substantially prevailed on its summary judgment motion when the court awarded $127,500.00 in indemnity damages for the seven buildings for which breach of contract damages was reversed. The court also denied Serock an offset. And although the trial court denied Ledcor's request for pre-tender fees, Ledcor obtained a judgment of $430,153.96 overall, which included indemnity damages for all 11 buildings, fees and costs awarded by the trial court and affirmed on appeal, and postjudgment interest accruing at a rate of 12 percent per annum. On remand, Ledcor improved its position by $127,500.00. Ledcor met the definition of a prevailing or substantially prevailing party.
¶ 25 We next address Serock's assertion that Ledcor expended an excessive amount of attorney time on its summary judgment motion on remand. We review the reasonableness of the amount of fees awarded under an abuse of discretion standard.[38] Ledcor supported its motion with a declaration from its attorney and itemized billing invoices detailing the hours worked. The trial court ruled that the hours worked and rates charged were reasonable. Serock presented no evidence to contradict Ledcor's claim. Because Serock fails to demonstrate an abuse of discretion, we find no error.
¶ 26 Ledcor asks for fees and costs on appeal. The contract authorizes reasonable fees and costs to prevailing parties, and Ledcor is a prevailing party in this appeal. Because Ledcor's fee request complies with the requirements of RAP 18.1, we grant Ledcor's request subject to Ledcor's compliance with RAP 14.4.

CONCLUSION
¶ 27 Uncontroverted evidence in the record supports the trial court's award of indemnity damages. Serock failed to present any evidence supporting its claimed offset. And finally, the trial court did not abuse is discretion in awarding Ledcor an additur for fees and costs incurred on remand. We affirm.
WE CONCUR: DWYER, C.J. and COX, J.
NOTES
[1] Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc., 143 Wash.App. 345, 177 P.3d 755 (2008).
[2] Harmony, 143 Wash.App. at 350, 177 P.3d 755.
[3] Harmony, 143 Wash.App. at 350, 177 P.3d 755.
[4] Harmony, 143 Wash.App. at 350-51, 177 P.3d 755.
[5] Harmony, 143 Wash.App. at 351, 177 P.3d 755.
[6] Harmony, 143 Wash.App. at 351, 177 P.3d 755.
[7] Harmony, 143 Wash.App. at 351, 358, 177 P.3d 755.
[8] Harmony, 143 Wash.App. at 363-64, 177 P.3d 755.
[9] Harmony, 143 Wash.App. at 359, 177 P.3d 755.
[10] The court's findings of fact and conclusions of law stated, "Serock did not present any evidence on damages, did not plead an `offset' as an affirmative defense, did not establish any right to an offset, and did not demonstrate or establish any double recovery on the part of Ledcor."
[11] 143 Wash.App. 345, 357, 359, 177 P.3d 755 (2008).
[12] Harmony, 143 Wash.App. at 359, 177 P.3d 755.
[13] Harmony, 143 Wash.App. at 359, 177 P.3d 755.
[14] Harmony, 143 Wash.App. at 363-64, 177 P.3d 755.
[15] Mattingly v. Palmer Ridge Homes, LLC, 157 Wash.App. 376, 387, 238 P.3d 505 (2010).
[16] CR 56(c); Torgerson v. N. Pac. Ins. Co., 109 Wash.App. 131, 136, 34 P.3d 830 (2001).
[17] 150 Wash.App. 1, 206 P.3d 1255 (2009).
[18] Maziarski v. Bair, 83 Wash.App. 835, 841, 924 P.2d 409 (1996); see also Smith v. McLaren, 58 Wash.2d 907, 910, 365 P.2d 331 (1961) (party claiming setoffs provided no competent evidence supporting claims); Alway v. Carson Lumber Co., 57 Wash.2d 900, 901-02, 355 P.2d 339 (1960) (record too vague to meet defendant's burden of proving setoff).
[19] 149 Wash.2d 135, 141, 68 P.3d 1061 (2003).
[20] 142 Wash.2d 654, 15 P.3d 115 (2000).
[21] 83 Wash.App. 432, 922 P.2d 126 (1996).
[22] Weyerhaeuser, 142 Wash.2d at 674-75, 15 P.3d 115; Pederson's, 83 Wash.App. at 451-52, 922 P.2d 126.
[23] Puget Sound Energy, 149 Wash.2d at 141, 68 P.3d 1061 (quoting Weyerhaeuser, 142 Wash.2d at 674, 15 P.3d 115).
[24] 102 Wash.App. 697, 9 P.3d 898 (2000).
[25] Eagle Point, 102 Wash.App. at 702, 9 P.3d 898.
[26] Eagle Point, 102 Wash.App. at 701, 9 P.3d 898.
[27] Eagle Point, 102 Wash.App. at 702, 9 P.3d 898.
[28] Eagle Point, 102 Wash.App. at 703, 9 P.3d 898.
[29] Eagle Point, 102 Wash.App. at 704, 9 P.3d 898 (quoting Interlake Porsche & Audi, Inc. v. Bucholz, 45 Wash.App. 502, 510, 728 P.2d 597 (1986)).
[30] Mason v. Mortg. Am., Inc., 114 Wash.2d 842, 850, 792 P.2d 142 (1990).
[31] Mason, 114 Wash.2d at 850, 792 P.2d 142.
[32] Sabey v. Howard Johnson & Co., 101 Wash. App. 575, 588, 5 P.3d 730 (2000) (quoting Cent. Wash. Refrigeration, Inc. v. Barbee, 133 Wash.2d 509, 513, 946 P.2d 760 (1997)).
[33] See Harmony, 143 Wash.App. at 358, 177 P.3d 755 ("[S]ubstantial evidence supports the trial court's finding that, in the course of repairing Serock's defective work, the work of other subcontractors had to be destroyed and replaced.").
[34] For the first time in its reply brief, Serock makes two additional arguments regarding the indemnity award. First, Serock claims that Harmony affirmed the formula used to calculate indemnity damages, thereby establishing $95,625 as the proper measure of damages regardless of the theory of liability. Second, Serock claims that as a result of the trial court's ruling on remand, the indemnity awards are inconsistent as the award for the first four buildings contained the 25 percent discount while the award for the remaining seven did not. Ledcor moved to strike the corresponding arguments on the basis that they were not raised in Ledcor's opening brief. Because we generally do not consider arguments raised for the first time in a reply brief, we decline to address these arguments here. Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 809, 828 P.2d 549 (1992)
[35] Ethridge v. Hwang, 105 Wash.App. 447, 460, 20 P.3d 958 (2001).
[36] Int'l Raceway, Inc. v. JDFJ Corp., 97 Wash. App. 1, 7-8, 970 P.2d 343 (1999).
[37] Blair v. Wash. State Univ., 108 Wash.2d 558, 571, 740 P.2d 1379 (1987).
[38] Ethridge, 105 Wash.App. at 460, 20 P.3d 958.