# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| PORT OF KINGSTON, a Washington Port District, | ) ) ) | No. 73668-0-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| ROB BREWSTER and BETH BREWSTER, husband and wife, and the marital community they compose, d/b/a KINGSTON ADVENTURES, LLC, a Washington limited liability company, | ) ) ) ) ) ) | UNPUBLISHED OPINION FILED: December 7, 2015 |
| Appellants. | ) ) ) | |

BECKER, J. — Appellants were found in unlawful detainer of eight boat storage spaces leased from the Port of Kingston. They contend that not all of them are liable for the monetary awards. We remand for resolution of that issue and affirm in all other respects.

In April 2010, Rob and Beth Brewster rented a single berth at the Port of Kingston's small watercraft facility to store a family kayak. Later that year, Beth Brewster decided to start a small watercraft rental business, Kingston Adventures LLC. For business purposes, she leased eight berths from the Port at $25 per month. Each berth was covered by a "Small Watercraft Facility Lease Agreement." Each lease included a parking permit and access to a dock gate.

Each lease could be terminated by either party on 30 days' written notice. And each lease required the lessee to obtain the Port's prior written permission before using the berth for any commercial purpose.

On January 26, 2011, Kingston Adventures obtained the Port's written permission to use the eight berths for commercial purposes. This was done through a business use agreement. The business use agreement expired by its own terms on January 26, 2012. There were attempts to renew the business use agreement, but the parties reached an impasse and negotiations fell through. Nevertheless, Kingston Adventures continued to use the berths. The company tendered the rent monthly, and the Port accepted it.

In 2013, the relationship between the Port and the Brewsters deteriorated for reasons that need not be detailed here. Beth Brewster publicly criticized the Port.

In May 2014, the Port served a Notice to Terminate Tenancy directed to Rob and Beth Brewster, their marital community, and Kingston Adventures. These entities will hereafter be referred to as "defendants." The berths were to be surrendered on or before June 30.

In June 2014, Kingston Adventures initiated a federal civil rights lawsuit against the Port. The lawsuit alleged that the Port's decision to terminate the tenancy was the product of gender discrimination and a desire to retaliate against Beth Brewster for exercising her First Amendment right to criticize the Port.

The berths were not surrendered by June 30. On July 2, the Port filed an unlawful detainer action in Kitsap County Superior Court. On July 17, the

defendants answered, filed a jury demand, and asserted affirmative defenses. The defendants were ordered to appear on July 18 for a show cause hearing.

On July 11, the defendants filed a motion to abate, asking the court to stay the unlawful detainer proceedings until the federal litigation was complete. They also filed a motion to dismiss.

On July 17, the defendants filed a declaration by Beth Brewster in opposition to the Port's allegations of unlawful detainer.

On July 18, Judge Jeanette Dalton heard oral argument on the motion to abate. She orally continued the show cause hearing and the motion to dismiss to her departmental calendar on Friday, August 1, at 1:30 p.m.

On July 23, Judge Dalton issued an order denying the defendants' motions to abate and dismiss. The order stated that the unlawful detainer action would be set for a jury trial.

On July 25, Judge Dalton issued an amended order moving the show cause hearing to the civil motions calendar at 9:00 a.m. on August 1. This order stated that the show cause hearing previously set for her departmental calendar at 1:30 p.m. on August 1 was stricken.

On July 30, the defendants filed a motion asking Judge Dalton to reconsider the motion to abate.

On Friday, August 1, the Port appeared for the show cause hearing at 9 a.m. before Judge Jennifer Forbes, the motions judge. The defendants were not present. In their absence, Judge Forbes resolved the unlawful detainer action by entering findings and conclusions and a judgment in favor of the Port for $451.36

for the rent and leasehold tax due and owing for June and July 2014. The clerk was directed to issue a writ of restitution restoring the eight berths to the Port. Judge Forbes reserved ruling on the attorney fees and costs claimed by the Port.

On August 4, the defendants moved to vacate the writ of restitution and the judgment. Counsel for the defendants represented that it was not until after the show cause hearing had already occurred that he received the order moving it from Friday afternoon to Friday morning. Counsel for the Port responded that even if this were true, the defendants did not have a prima facie defense to unlawful detainer; they had breached the lease by conducting commercial activity on the Port's premises without the Port's permission. The defendants replied that they were entitled to have a jury trial on their defenses of discrimination and retaliatory eviction and that there were other fact issues.

On August 12, Judge Dalton denied reconsideration of the motion to abate.

On September 2, Judge Forbes issued a memorandum opinion denying the motion to vacate the unlawful detainer judgment.

On November 14, Judge Forbes entered a judgment awarding the Port $13,081.21 for costs and attorney fees against the Brewsters individually, their marital community, and Kingston Adventures.

This appeal followed.

## MOTION TO VACATE

The defendants assign error to Judge Forbes' denial of their motion to vacate the order granting restitution and damages. Denial of a motion to vacate

4

is reviewed for abuse of discretion. Jones v. City of Seattle, 179 Wn.2d 322, 360, 314 P.3d 380 (2013).

A party is entitled to vacation from a final judgment if the judgment is undermined by "mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." CR 60(b)(1); Mosbrucker v. Greenfield Implement, Inc., 54 Wn. App. 647, 652, 774 P.2d 1267 (1989). Judge Forbes applied this standard. She accepted counsel's representation that he was unaware the afternoon hearing on August 1 had been rescheduled. Accordingly, she found the defendants' absence from that hearing was excusable neglect. Nevertheless, she determined that the defendants had not set forth a prima facie defense. Concluding that a trial would be a useless formality, she held it was unnecessary to vacate the judgment.

On appeal, the defendants maintain they presented a number of defenses that deserved to be tried.

Real property

Unlawful detainer is committed by a tenant of real property. RCW 59.12.030. The defendants contend that the berths are actually movable storage racks, not real property. Therefore, they argue, the rules concerning unlawful detainer actions do not apply in this case.

We reject this argument. The berths were located at the Port of Kingston Marina. The lease agreements granted access to the storage racks and also to parking spaces and a dock gate. It was proper for the Port to bring an unlawful

detainer action to prevent the defendants from continuing to occupy and use these portions of the Port's real property.

Timeliness of action

The defendants contend that the unlawful detainer action was premature because the Port did not allow adequate time for the breach to be cured. Under RCW 59.12.030(4), tenants may avoid eviction if they cure a breach unrelated to the payment of rent within 10 days after proper notice. That statute is inapplicable here. The Port did not bring an eviction action alleging a breach. The Port simply gave the defendants notice that their tenancy was being terminated, as allowed by the lease. Such a notice to terminate is not "curable"—"the tenant has no choice but to vacate within the notice period." 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 6.80, at 440 (2d ed. 2004).

Equitable defenses

In defending against an unlawful detainer action, a tenant may raise equitable defenses "arising out of the tenancy." RCW 59.18.380. To protect the summary nature of an unlawful detainer proceeding, our courts hold that equitable defenses arise out of the tenancy only when they affect the tenant's right to possession or are based on facts that excuse a tenant's breach. Josephinium Assocs. v. Kahli, 111 Wn. App. 617, 625, 45 P.3d 627 (2002).

"If unlawful discrimination is the reason for an eviction, the defense certainly affects the tenant's right of possession." Josephinium Assocs., 111 Wn. App. at 625. Retaliatory eviction is also an affirmative equitable defense that

6

may be asserted. Port of Longview v. Int'l Raw Materials, Ltd., 96 Wn. App. 431, 437, 979 P.2d 917 (1999).

The defendants contend the court erred in refusing to hear their defenses of gender discrimination and retaliatory eviction. But a landlord's unlawful discrimination or retaliatory eviction can be asserted as a defense only if the tenant is not "otherwise in breach of the lease agreement." Port of Longview, 96 Wn. App. at 438. Here, the defendants were in breach of the berth leases. They did not have the Port's written permission for putting the berths to commercial use. The business use agreement they originally had with the Port expired in 2012 and was not renewed. In those circumstances, the defendants did not have a right to stay in possession even if they could show the Port was discriminating or retaliating against Beth Brewster.

Because the defendants were "otherwise in breach of the lease agreement," the trial court did not err in refusing to give them a jury trial on their defenses of gender discrimination and retaliatory eviction.

## MOTION TO ABATE

The defendants assign error to Judge Dalton's denial of their motion to abate. They contend that under the priority of action doctrine, their federal lawsuit—filed before the Port's unlawful detainer action—gave the federal court exclusive authority to resolve the controversy between the parties. This contention is without merit. Generally, courts apply the priority of action doctrine where two actions share the same subject matter, parties, and request for relief. Bunch v. Nationwide Mut. Ins. Co., 180 Wn. App. 37, 41-42, 321 P.3d 266

7

(2014). The Port's unlawful detainer action was narrowly limited to the issue of possession. Both in subject matter and in the nature of relief available, it was fundamentally different from the federal lawsuit in which Kingston sought to obtain punitive damages and attorney fees for various alleged constitutional and statutory violations.

## ATTORNEY FEE AWARD

The defendants challenge Judge Forbes' decision awarding attorney fees and costs to the Port.

### Authorized by lease

An award of attorney fees is proper only if authorized by contract, statute, or a recognized ground of equity. Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc., 160 Wn. App. 728, 739, 253 P.3d 101 (2011). The Port relies on a provision in the berth leases: "In any action or proceeding *for the collection of any sums which may be payable hereunder*, Lessee agrees to pay to the Port a reasonable sum for the Port's expenses and attorney's fees." (Emphasis added.) This provision, the defendants argue, authorizes an award of fees to the Port only in an action to collect back rent. They say the unlawful detainer proceeding was only an action to determine who had the right to possess the berths, not an action for the collection of rent or other sums payable under the lease.

The Port's complaint demanded a writ of restitution, damages, an award of "rent and charges coming due during the period of unlawful detention," and attorney fees. This language sufficiently articulated that the action was for the

8

collection of sums payable under the lease. And in fact, the judgment awarded the Port $451.36 for the rent and leasehold tax due for June and July 2014. In addition, Judge Forbes held the case open to determine whether the Port would be entitled to further damages for unpaid rent or damage to the premises.

The defendants point out that the Port refused their tender of rent for the months following the service of the notice to terminate tenancy. This does not undermine the Port's claim for rent and charges due. If the defendants did not want to become liable for unpaid rent, they should have timely vacated the premises after receiving the notice to terminate tenancy. The Port was entitled to rent for the period of time the defendants unlawfully occupied the premises.

Amount awarded

By order entered on November 14, 2014, Judge Forbes awarded the Port $12,300 in attorney fees and $781.21 in costs. The defendants contend the award must be set aside because the court did not make findings of fact sufficient to support appellate review.

A trial court is required to enter findings of fact and conclusions of law in support of a contested award of attorney fees. Mahler v. Szucs, 135 Wn.2d 398, 434-35, 957 P.2d 632, 996 P.2d 305 (1998). The trial court erred in failing to do so. However, the error is harmless. This was not a case where the trial court unquestioningly accepted the fee affidavits of counsel. At the court's request, the parties submitted briefing. The Port fully responded to defendants' objections to the hourly rate, number of hours claimed, hours awarded for nonattorney time, and hours awarded for duplicate line items. The Port conceded some errors in

the billing, and the court accepted those concessions by reducing the amount originally claimed by the Port. It is obvious that the court found the Port's explanations satisfactory. On appeal, the defendants have not pointed out any specific errors in the Port's explanations. Remand for entry of findings of fact and conclusions of law would be pointless in these circumstances.

The defendants contend the court should have awarded attorney fees only for work attributable to collection of rent. But the same facts that established the Port's right to regain possession also established the Port's right to back rent. No segregation was required. The Port was entitled to an award of attorney fees for the entire action.

Identity of liable party or parties

The defendants claim the trial court erred by denying them a jury trial on the disputed question of who the contracting parties were. The Port sued the Brewsters individually and as a marital community. The Port also sued Kingston Adventures. But, as the defendants showed in their pleadings and arguments below, the only name on the berth leases is Beth Brewster's. The signatures on the business use agreement indicate that the Brewsters were signing for the company, not individually. Thus, the defendants submitted evidence that the tenant occupying the property was Kingston Adventures, not the Brewsters. It is not clear that the Brewsters are responsible—individually or as a marital community—for the rent, damages, and attorney fees due to the Port.

An unlawful detainer defendant is entitled to a jury trial "whenever an issue of fact is presented by the pleadings." RCW 59.12.130. The issue of proper

identification of the contracting parties was presented by the pleadings, but it was not resolved by the findings of fact the court entered on August 1, 2014. This is not surprising. As the defendants recognize in their reply brief, the Port understandably named every possible defendant in order to conclusively resolve the issue of possession against every entity who potentially would claim to be a tenant. For the purpose of restoring possession to the Port, it was not important for the court to make precise findings about who was liable on the leases.

Proper identification of the contracting parties does, however, have significance with respect to liability for the monetary awards. The court's memorandum opinion denying the motion to vacate did not address the issue. The court began its ruling by noting that the Port had agreements with "one or more of the Defendants." But the ruling continued by referring to all of the defendants collectively as being in breach of the leases. The court's failure to resolve the individual liability issues was a second "irregularity" justifying vacation of the judgment. See Mosbrucker, 54 Wn. App. at 652.

We conclude the court erred in denying the defendants a trial on the issue of the identity of the tenant or tenants liable for the monetary awards. In all other respects, the denial of the motion to vacate is affirmed. The award of attorney fees and costs is also affirmed, save for any change that might become necessary if not all the defendants are held liable.

The Port requests an award of attorney fees on appeal. The request is granted. "A contract providing for an award of attorney fees at trial also supports such an award on appeal." Hall v. Feigenbaum, 178 Wn. App. 811, 827, 319

P.3d 61, <u>review</u> <u>denied</u>, 180 Wn.2d 1018 (2014). The Port has prevailed on all issues but one. The trial court on remand shall determine an appropriate award of attorney fees to the Port for this appeal.

Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.

Becker, J.

WE CONCUR:

Spearman, C.J.

Leinweber, J.